FRANKLIN P. BARRETT *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

*Workmen's Compensation—Action Against Tort-feasor—Compensation of Dependent's Attorney—Liability of Insurer.*

The fact that, by reason of the institution, by the widow of an employee, killed in the course of his employment, of a suit against the person who caused the injury resulting in death, the insurer was reimbursed the amount of the award imposed on it by the Industrial Accident Commission, does not entitle the

widow to demand that the insurer pay a portion of the fees of the attorney employed by her to conduct the suit.     pp. 256-260

Under Code, art. 101, sec. 58, an injured employee or his dependents cannot receive any part of the damages recovered in a proceeding brought under such section to enforce the legal liability of a person other than the employer, until the employer or the insurer has been reimbursed for all sums paid under the award against them or either of them, including payments for medical and surgical services and funeral expenses, and until the employer's "expenses and costs of action" have been paid.

pp. 259, 260

An attorney, employed by the widow of an employee killed in the course of his employment, to bring suit, under Code, art. 101, sec. 58, against a tort-feasor who caused the fatal injury, is not entitled to compensation for his services from the insurer, though the latter was, as a result of such suit, reimbursed the entire amount paid by it under the award of the Industrial Accident Commission, and it was immaterial that the insurer acquiesced in such suit, and accepted its part of the sum recovered therein, such acquiescence involving merely a failure to protest against the widow's exercise of her legal right, and such acceptance involving merely the receipt of the sum allotted to it by the statute.                                        pp. 260, 261

Although such section in effect subrogates the employer to the rights of the workman or his dependents against the tort-feasor, it does not subrogate the workman's dependent widow, or her attorney, to the employer's or insurer's right to proceed against the tort-feasor.                            p. 262

There is no *quasi* contractual liability on the part of the insurer who has been reimbursed the payment made by it under the award of the Industrial Accident Commission, as a result of a suit against a tort-feasor instituted by the dependent widow of a deceased employer, in favor of the attorney employed by the widow to conduct the suit.                            p. 262

Nor is the dependent widow, in instituting such a suit against the tort-feasor, the statutory agent of the insurer to employ counsel.                                              p. 262

*Decided January 28th, 1927.*

Appeal from the Court of Common Pleas of Baltimore City (STUMP, J.).

Action by Franklin P. Barrett against the Indemnity Insurance Company of North America. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*E. P. Keech, Jr.,* and *Robert R. Carman,* with whom were *Keech, Deming & Carman* on the brief, for the appellant.

*James J. Carmody,* with whom was *Edward M. Biddle* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On March 28th, 1923, John Edgar Shilling, whilst in the employ of the Pen Mar Company, was killed in an accident which arose out of and in the course of that employment under circumstances which created a legal liability in Clough & Maloy, Inc. Compensation was claimed under article 101, C. P. G. L. of Md., by Effie Shilling, his widow, for herself and her infant children, and the State Industrial Accident Commission, on March 4th, 1923, entered an award directing the Indemnity Insurance Company of North America, the insurer, to pay compensation to the claimant at the rate of $18 per week for 277-7/9 weeks, and a sum not to exceed $125 for funeral expenses incurred by the claimant in connection with the death of the said John E. Shilling. The insurer acquiesced in that award and made payments thereunder as they accrued. The insurer having advised the claimant that in its opinion the death of Shilling did not occur under circumstances creating a legal liability in Clough & Maloy, Inc., or in any person other than his employer, and having failed and refused to proceed against Clough & Maloy, Inc., to enforce any such supposed liability, she employed Franklin P. Barrett, an attorney at law, practicing his profession in the courts of Baltimore City, to institute on her

behalf and on behalf of the infant children of the decedent proceedings against Clough & Maloy, Inc., to recover such damages as they and the insurer were entitled to recover from it by reason of the death of the said John Edgar Shilling. Thereupon, Barrett, with certain other attorneys whom he associated with him, with the knowledge and acquiescence of the insurer, instituted in the Superior Court of Baltimore City an action at law for the use of the said Effie Shilling, and the infant children of the decedent, and as well for the use of the insurer, to recover such damages, which resulted in a verdict and judgment for the plaintiffs for $15,000 apportioned as follows:

> To the Indemnity Insurance Company of North
> America. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,125
> To Effie Shilling, widow. . . . . . . . . . . . . . . . . . . . 5,000
> To Ruth E. Shilling, infant. . . . . . . . . . . . . . . . . 500
> To Dorothy M. Shilling, infant. . . . . . . . . . . . . . 875
> To John Walter Shilling, infant. . . . . . . . . . . . . 1,500
> To Edith May Shilling, infant. . . . . . . . . . . . . . . 2,000

That judgment was affirmed on appeal, and was paid. Mr. Barrett, who with his associates conducted the entire proceedings for the plaintiffs under his contract with Mrs. Shilling, collected from her as compensation for his services one-third of the amount paid to her under the judgment, and then demanded that the insurer also pay him a fee for recovering for it the sum of $5,125, which it, under the award of the State Industrial Accident Commission, was obliged to pay to Mrs. Shilling, and upon its refusal to make such payment he brought this suit against the insurer. The plaintiff in his *narr.*, in addition to these facts, alleged "that by reason of the services so rendered by him to the defendant and accepted by it, he was and is entitled to claim and have of the defendant compensation for his services in such amount as the said services may be fairly and reasonably worth, and he has demanded the same, but the defendant has refused to recognize any obligation to the plaintiff, and has refused his demands." A demurrer to that *narr.* was overruled, and the case finally proceeded to trial on an agreed statement of facts. The only

material difference between the statement of fact contained in the *narr.*, and the facts agreed upon by the parties, was that the *narr.* alleged that plaintiff's services were "accepted" by the defendant, whereas no such fact is found in the agreed statement. At the close of the case and upon the agreed statement of fact, the court instructed the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and that their verdict should be for the defendant. A verdict was accordingly returned for the defendant, and from the judgment thereon this appeal was taken.

The only exception contained in the record was taken to the action of the court in directing a verdict for the defendant, and the question which it presents is whether there is any legal obligation upon the appellee, the insurer, to pay any part of the appellant's fee for his services in conducting the litigation which resulted in the payment of $5,125 to the appellee, to reimburse it for the liability imposed upon it by the award of the State Industrial Accident Commission.

The appellant's contention, as we understand it, is that since, through the services rendered by Barrett as the attorney for Mrs. Shilling and the infant children of John Edgar Shilling, the appellee received $5,125 to reimburse it for the liability imposed upon it by the award of the State Industrial Accident Commission, it is bound to pay the appellant a proportionate part of what such services were reasonably worth, based upon the ratio which the amount paid appellee bears to the whole amount of the judgment, and he asserts that it is liable for such payment on any one of three theories: (1) that there was a *quasi* contract; (2) that there was an implied contract, and (3) that there was an express contract between the parties under which appellant undertook to make such payment.

At first glance natural justice would seem to support the plaintiff's claim, whatever his legal rights may be, but a more careful examination of the evidence corrects that impression.

Mrs. Shilling and her children had, through the death of her husband, suffered a loss of $15,000, of which amount the

insurer was bound under the award to pay $5,125, and while she and her children only received $9,875 under the judgment against Clough & Maloy, Inc., nevertheless from both sources she and her children received either in cash or its equivalent the full amount of the loss they had sustained, to wit, the sum of $15,000. If she had elected not to claim compensation under article 101, C. P. G. L. of Md., but to proceed against Clough & Maloy, Inc., under article 67, C. P. G. L. of Md. in the first place, she would naturally have been required to pay all counsel fees incurred in the prosecution of such suit. And if in establishing her claim under article 101, Bagby's Code, she had employed counsel, she and not the employer or insurer would have been liable for his fees. But she had not, so far as the record discloses, been obliged to pay any counsel fees for the establishment of her claim for compensation against the insurer, and there is no more apparent reason why it should be required to pay her, in addition to compensation, counsel fees for recovering for its use and to reimburse it for an award which it had paid or was obliged to pay her, than there would have been for requiring it to pay her counsel fees incurred in establishing her claim before the commission, or in a court of law. She recovered for herself and her children in two proceedings the total amount of their loss, and she alone was responsible for all counsel fees incurred in effecting such recovery. It may be urged, however, since the services of her counsel resulted in reimbursing the insurer for the loss which accrued to it through the award of the State Industrial Accident Commission, that it should pay the reasonable value of such services in so far as they contributed to the recovery of such amount. The fallacy of that contention lies in the fact, already stated, that if the claim is made on behalf of Mrs. Shilling, there is no just reason why the insurer should pay her counsel fees in addition to the award, because the litigation which she instituted was not brought to recover the amount of the award which it was obliged to pay, but to recover for her use and that of her children an amount which

she claimed Clough & Maloy, Inc., ought to pay, over and above the award, and the recovery of $5,125 for the insurer was a necessary incident of that suit, which she could not control. The action against Clough & Maloy, Inc., was not a cumulative remedy, independent of her right to compensation under the Workmen's Compensation Act, but one arising under the statute and governed by its provisions. The statute gave Mrs. Shilling the right to elect whether she would proceed at law against the tort feasor to recover damages, or against the employer to recover compensation under article 101, C. P. G. L. of Md., but except in the manner provided by the statute she could not do both. And when she claimed and received compensation from the employer and the insurer, she could thereafter proceed only against the intervening *tort feasor,* whose act caused the death of her husband in compliance with the terms of the statute, *Stark v. Gripp,* 150 Md. 655. In that respect section 58 of the statute, as construed by this court in *Bethlehem Steel Company v. Raymond Concrete Pile Co.,* 141 Md. 87, was not changed by chapter 456 of the Acts of 1920, or chapter 303 of the Acts of 1922, but it creates a special statutory remedy, and the rights of all persons affected by the proceedings are, so far as they are applicable, measured and limited by the terms of the statute. Prior to the Act of 1920, one claiming compensation from an employer could not proceed at all against other persons, but the right to enforce any legal liability against other persons for torts resulting in the injury or death of the workman was vested exclusively in the employer or insurer (*Bethlehem Steel Co. v. Raymond Concrete Pile Co., supra*), and the damages recovered in any such proceedings in excess of the compensation already paid or awarded were payable to the injured employee or his dependents less the employer's "expenses and costs of action." Considering this language and also the purpose of the original act, as stated in the preamble thereto, the obvious intention of the Legislature was that the injured employee or his dependents should not receive any part of the damages recov-

ered in a proceeding brought to enforce a legal liability in some person other than the employer, until the employer or the insurer had been reimbursed for all sums paid under the award against them or either of them, including payments for medical and surgical services and funeral expenses, and the "employer's expenses and costs of action" had been paid.

In our opinion, therefore, the appellee was not obliged to contribute to the counsel fees incurred by Mrs. Shilling in the institution and prosecution of the proceeding against Clough & Maloy, Inc. But this suit is not brought by Mrs. Shilling, but by Barrett, her attorney, and even if the appellee were obliged to contribute to the expenses incurred by her for counsel whom she employed, Barrett, her attorney, would have no right to enforce that obligation in his own name, and we have only discussed the question of her rights because she is the only possible source of any rights which Barrett may have for compensation for his services in connection with the litigation. It is true he alleges that he had an express contract with the appellee for compensation, but not only is there no evidence of any such contract in the record, but in his brief he states: "The widow and her children, through Barrett, then assumed the entire burden of prosecuting the claim and consequent litigation against Clough & Maloy, Inc." And in the agreed statement of fact the parties have agreed that the appellee refused to proceed against Clough & Maloy, Inc., and that Mrs. Shilling, after that refusal, employed Mr. Barrett to conduct the proceedings. It is also agreed that the proceeding was instituted and prosecuted with the knowledge and acquiescence of the appellee, and appellant attaches some importance to that fact, but it is wholly without significance, when it is considered that under the statute the appellee could do no less than "acquiesce" in the institution of the proceedings. Since it had refused to bring the action, Mrs. Shilling had the right at the proper time to institute it with or without appellee's consent, and its mere acquiescence in her exercise of an absolute statutory right, which rested upon its positive refusal to bring

the action, cannot well be regarded as equivalent to a prom-
ise to pay her counsel whom she had employed to assert her
rights. Any other construction of the statute would lead to
an absurdity, for although it gives the employer or insurer
the option of suing or not, that right would not mean much
if, willing or unwilling, he could be required to pay counsel,
employed by the injured employee or his dependents, for
services rendered in prosecuting actions against third per-
sons, in whom there was a legal liability for such injuries.
For even if the employer could only be required to pay for
such services if the "legal liability" were established, the
judgment might be worthless, or the damages might be in-
sufficient to pay the fair value of such services, and in addi-
tion to the award, the employer would be obliged to pay addi-
tional sums for the services of counsel whom he did not em-
ploy in a proceeding brought against his wishes. There is,
therefore, no evidence in the case of any express contract
between the parties to this appeal.

Nor is there in the case any evidence from which a con-
tract between the parties can be implied. Appellant seeks
to draw that implication from the fact that appellee acqui-
esced in his employment and accepted the fruit of his labors,
but the "acquiescence" referred to was failing to protest
against the institution of a proceeding which under the stat-
ute Mrs. Shilling concededly had the right to bring, and its
"acceptance" was no more than receiving the sum which the
statute allotted to it. Such facts have no apparent relation
to the rule that where one acquiesces in services rendered
him by another, and knows or should know that the person
rendering such services expects compensation, and where he
accepts the benefit of such services, a contract to make such
payment will be implied, for in this case the "acquiescence
and the acceptance," relied upon to raise the implication,
rested not upon any affirmative acts of the appellee, but upon
the statute, and were conditions imposed upon the right of
the dependents of John Edgar Shilling to recover at all
against the *tort feasor.*

It is suggested that in some way the doctrine of subroga-
tion should apply to the facts of this case, because section 58
is a "subrogation" section, but the reasons for that conten-
tion are not convincing.  The section merely gives first to
the employer and then to the employee or his dependents the
right to enforce a legal liability against a third person, and
to the extent of his interest therein it subrogates the em-
ployer to the rights of the workman or his dependents against
the *tort feasor,* but it did not subrogate Mrs. Shilling to the
appellee's right to proceed against the *tort feasor,* for while
appellee paid a part of the compensation which Clough &
Maloy, Inc., ought to have paid, no such payment was made
by Mrs. Shilling.  But even if she was subrogated to the
right of the insurer to proceed against Clough & Maloy, Inc.,
certainly her attorney, who had no relation to the cause or the
parties at all, except to conduct the litigation, was not.

Nor have we been able to discover the elements of a *quasi*
contract between appellant and appellee.  Such benefits as
appellee received were primarily conferred by the statute.
and so far as they were realized through the litigation they
must be attributed to Mrs. Shilling, who instituted the pro-
ceedings, and not to the agents or attorneys whom she em-
ployed to conduct it.

Finally it is said that Mrs. Shilling was the statutory agent
of the appellee to employ counsel, but that contention is
without force, for while her right to bring the action was
contingent and conditional, nevertheless, when the condi-
tions were performed and the contingency occurred, her right
was independent and complete, and she was no more appel-
lee's agent to employ counsel than she was to bind him for
costs.

Finding no error in the ruling of the court in granting
defendant's prayer, the judgment will be affirmed.

*Judgment affirmed, with costs.*