Joseph OLESZCZUK

v.

CALMAR STEAMSHIP CORP., Defendant and Third-Party Plaintiff,

Nacirema Operating Co., Inc., Third-Party Defendant.

No. 9179.

United States District Court
D. Maryland,
Civil Division.

June 30, 1958.

John J. O'Connor, Jr., Baltimore, Md., for plaintiff.

Lord, Whip & Coughlan, George W. P. Whip and Robert E. Coughlan, Jr., Baltimore, Md., for Calmar S. S. Corp.

Piper & Marbury, Jesse Slingluff, Jr., and Mathias J. DeVito, Baltimore, Md., for Nacirema Operating Co., Inc.

THOMSEN, Chief Judge.

Plaintiff longshoreman has obtained a judgment for $35,000 against defendant shipowner, out of which his counsel has retained $1,614.75 to reimburse Travelers, his employer's insurance carrier, which had paid that amount to or for plaintiff as compensation and medical expenses under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., without an award. Plaintiff's counsel now claims the right to deduct a portion of his fee out of the $1,614.75.

The fact that carrier's payments were made without an award does not relieve plaintiff of his duty to reimburse carrier out of the recovery from defendant herein. The Etna, 3 Cir., 138 F.2d 37; Fontana v. Pennsylvania R. Co., D.C.S.D. N.Y., 106 F.Supp. 461, affirmed 2 Cir., 205 F.2d 151; Poleski v. Moore-McCormack Lines, D.C.Md., 21 F.R.D. 579. By accepting such payments without an award and then electing to sue a third person in accordance with the provisions of 33 U.S.C.A. § 933(a), an employee may control the right of action against the third person and still retain his right to additional compensation under sec. 933(f). But he and his counsel have no right to deduct any fee out of that portion of the recovery which must be used to reimburse the carrier. Fontana v. Pennsylvania R. Co., supra. See also Ocean S. S. Co. v. Lumbermen's Mutual Casualty Co., 2 Cir., 125 F.2d 925, construing the New York statute which is similar to the Longshoremen's Act. Plaintiff has cited no authority to the contrary. It was necessary to amend the Maryland statute to give plaintiff and his counsel such a right in a similar situation. Md.Code, 1957 ed., Art. 101, sec. 58, Act of 1947, ch. 608.

The claim of plaintiff and his counsel is hereby denied. The full amount of $1,614.75 should be paid over to Travelers.