247 F.Supp. 444 (1965)
C. Thomas McCALLY, Plaintiff,
v.
HARTFORD ACCIDENT & INDEMNITY CO., Defendant.
Civ. A. No. 3970-62.
United States District Court District of Columbia.
March 15, 1965.
Philip J. Lesser, Washington, D. C., for plaintiff.
Cornelius H. Doherty, Washington, D. C., for defendant.
HOLTZOFF, District Judge.
This is an action tried without a jury to recover counsel fees under the following circumstances. The plaintiff is an assignee of a law firm in this city of which Mr. Ceasar Aiello was the managing partner at the time in question, and is now the managing partner. The firm was retained by one Julian Seek to represent him in a claim for workmen's compensation based on personal injuries sustained by him in the course of his employment by the City of Takoma Park, and also to represent him against any third party against whom he might have a claim arising out of the same accident. Workmen's compensation was paid by the Hartford Accident & Indemnity Company, *445 which was the workmen's compensation insurance carrier, and is also the defendant in this case.
A third party claim was asserted against one Levine, whose negligence, it was alleged, caused the plaintiff's injuries. Mr. Aiello and his associates advanced this claim and tried to negotiate a settlement. Protracted negotiations took place, and before the third party action was instituted, the claim was settled for the sum of $31,000. Of this sum, the amount of $25,000 was paid by the Home Indemnity Company, which carried employees' liability insurance in behalf of Levine, and the balance of $6,000 was paid by Levine personally. The sum of $25,000 paid by Home Indemnity Company was the maximum amount of the insurance coverage. It was paid directly to the Hartford Accident & Indemnity Company to reimburse it for its workmen's compensation lien, and possible potential future liability which it incurred under the Workmen's Compensation law.
This suit is brought to recover from the Hartford Accident & Indemnity Company a proportionate share of Mr. Aiello's fees for securing the settlement of the third party claim. The plaintiff's theory is that since Hartford received a share of that settlement, it should pay a part of the counsel fees.
Had this action been brought under the Federal Longshoremen's & Harbor Workers' Compensation Act, which constitutes the Workmen's Compensation Law of the District of Columbia, the action would not lie. It was held recently by the United States Court of Appeals for the District of Columbia Circuit in Ashcraft and Gerel v. Liberty Mutual Insurance Company, 120 U.S.App.D.C. 51, 343 F.2d 333, that under such circumstances counsel for the injured employee is not entitled to charge any fees to the insurance carrier, who receives a portion of the proceeds of the settlement of the third party claim. Until recently the law was the same in Maryland, under whose laws this matter was settled, Barrett v. Indemnity Insurance Co. of North America, 152 Md. 253, 136 A. 542.
The Court of Appeals for the District of Columbia in the case referred to, recognized the difficulties that might arise under certain circumstances, but called attention to the fact that they were not presented in the case before the Court. For example, suppose the proceeds of the third party action do not exceed the amount for which the workmen's compensation carrier is entitled to be subrogated. Under those circumstances the successful counsel for the injured employee would receive no fee if that ruling was carried to its full extent. Or suppose the proceeds of the third party action contained a surplus over and above what was due to the workmen's compensation carrier just large enough to pay the counsel fees and then the injured employee would receive nothing. No doubt this problem was the one that the Maryland legislature had before it, because subsequently to the decision in the Barrett case, the Maryland legislature amended the law to meet this problem.
The Maryland statute in regard to third party claims is quite different from the District of Columbia statute. The District of Columbia statute gives the first option to bring a third party claim to the injured employee. He has six months' time to do so after the award of compensation. If he fails to do so the claim becomes assigned by operation of law to the workmen's compensation carrier, and only then may the latter bring suit against the third party. Under the Maryland statute the workmen's compensation carrier has two months during which he has the exclusive right to bring a third party action, the two months' period being computed from the award of workmen's compensation. After the expiration of the two months' period, either the workmen's compensation carrier or the injured employee may bring an action.
The pertinent amendment to the Maryland statute, adopted in 1951, Workmen's Compensation Law of Maryland, Article 101, Section 58, contains the following *446 clause, namely, that in the event of recovery of damages against a third party, the injured employee, or in case of death, his dependents:
"* * * may first retain therefrom the expenses and costs of action incurred by the said employee or in case of death his dependents, and the employer, insurance company, association or the State Accident Fund, as the case may be, shall be reimbursed for the compensation already paid or awarded and any amount or amounts paid for medical or surgical services, funeral expenses or for any of the other purposes enumerated in § 36 of this article, except court costs and counsel or attorney's fees, which shall be paid by the injured employee and/or his dependents, and the employer, insurance company, association or State Accident Fund in the proportion that the amount received by each shall bear to the whole amount paid in settlement of any claim or satisfaction of any judgment obtained in the case * *." [Emphasis supplied.]
It seems clear that what this statute does is to make the workmen's compensation carrier, who is reimbursed for the compensation that he has paid, liable for counsel fees. The counsel fees incurred by the injured employee in connection with the third party claim are to be apportioned as between the employee and the workmen's compensation carrier in proportion to the amounts that they receive out of the proceeds of the third party claim. This was the construction recently placed upon this statute by the Circuit Court for Montgomery County in Maryland in the case of Jackson v. McVickers, No. 14454 Law, which apparently has not been reported. This interpretation of the statute was also recognized to be correct by Judge Thomsen of the United States District Court for the District of Maryland, in Oleszczuk v. Calmar Steamship Corporation, 163 F. Supp. 370.
This is a statutory obligation created by legislative action irrespective of contract. Learned counsel for the defendant correctly claims that there was no contract in this case by which, expressly or by implication, the defendant agreed to pay any part of the plaintiff's counsel fees. The obligation is imposed by law and not by any agreement between the parties.
It is contended, however, that there was an agreement negativing any obligation to pay counsel fees, in that it was understood that Hartford was to receive the entire sum of $25,000. It was indeed a part of the settlement that $25,000 was to be paid to Hartford. The Court finds no provision, however, that Hartford was not to pay any expenses involved in recovering the sum of $25,000. Consequently, the Court is of the opinion that there is nothing in the negotiations between the parties that would prevent the statutory obligation to share in the counsel fees from attaching in this case.
It appeared further that Mr. Aiello was assisted in the negotiations resulting in a settlement of this claim by active participation on the part of Mr. Belt, the Regional Claims Manager of Hartford. It is a fact, and the Court finds that Mr. Belt actively participated with Mr. Aiello in the negotiations which led to the settlement. The mere fact, however, that a party assists counsel in the work that the latter does, does not abrogate liability for counsel fees. In many cases counsel is actively aided by his client. It does not follow that the client does not have to pay counsel fees. As a matter of equity, however, as is conceded candidly by counsel for the plaintiff, it is fair that some recognition should be given to Hartford for the fact that part of the work that resulted in the settlement was performed by its own representative. Accordingly, while the Court concludes that the plaintiff is entitled to recover, it will give due credit for the share of the work that was done by Mr. Belt.
The testimony was undisputed that the customary fee in actions to recover *447 damages for personal injuries in this area is one-third of the amount recovered. This custom is not limited to cases in which there is a formal contingent fee contract to that effect, according to the only expert witness who testified on this subject, but extends to all cases involving claims for damages for personal injuries, even if no contract for fees is made. Accordingly, the starting point from which the Court will compute, or fix the plaintiff's recovery, will be one-third of the amount received by Hartford. Hartford having received $25,000, the one-third would be $8,333.33, which is the amount claimed in the complaint. The Court will allow credit for half of that amount because of the work contributed by Hartford's representative, and concludes that a fair fee to be awarded to the plaintiff in this action is $4,166.66. The Court will render judgment in favor of the plaintiff against the defendant for $4,166.66.
A transcript of this oral decision will constitute the findings of fact and conclusions of law.