AUSTIN W. METZ, SR. *v.* FIREMAN'S FUND INSURANCE COMPANY

[No. 298, September Term, 1971.]

*Decided April 20, 1972.*

---

The cause was argued before MURPHY, C. J., and MOR-
TON and MOYLAN, JJ.

*R. Edwin Brown* and *Rex L. Sturm* for appellant.

*John J. O'Neill, Jr.,* with whom was *Francis J. Ford* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

As a result of an action in tort brought by appellant-employee in the Circuit Court for Montgomery County to his own use and to the use of Fireman's Fund American Insurance Company (Fireman's Fund), the jury returned a judgment in his favor for the sum of $30,000 and a separate judgment in his favor to the use of Fireman's Fund for the sum of $4,465. The latter judgment represented sums paid to appellant-employee by Fireman's Fund upon his application for workmen's compensation payments to cover injuries he received in a motor vehicle accident involving the defendant below.

The defendant below has paid the judgment of $30,000 in favor of the appellant-employee and has paid into court funds to cover the judgment rendered to the use of Fireman's Fund. The trial judge ordered that these latter funds be paid directly to the attorney for Fireman's Fund less $17.50, representing the proportion of court costs allocable to Fireman's Fund. From that order the appellant-employee appeals, contending that these funds should have been paid to his attorney rather than to the attorney for Fireman's Fund. Essentially, the issue presented in this appeal is whether Fireman's Fund, the employer's insurance carrier, has a statutory obligation to contribute a proportionate share of the employee's attorney's fee.

The action below was brought in accordance with the provisions of Md. Code, Art. 101, § 58. The scope of this statute was described by Chief Judge Hall Hammond (then Associate Judge) in *Transit Company v. Harroll,* 217 Md. 169, stating at 176: "It provides that where injury or death for which compensation is payable occurs under circumstances creating a legal liability in a person

other than the employer, the employee '* * * may proceed either by law against that other person to recover damages or against the employer for compensation under this article * * *' and says that if compensation is awarded or paid, the employer may enforce the liability of the tortfeasor and keep the amount of the compensation already paid and the amount of medical and hospital services paid for before paying any excess to the injured employee. It goes on to provide that if an employer shall not, within two months from the passage of an award, start proceedings to enforce the liability of a third person, the injured employee may enforce the liability of such other person, provided, that * * * the employer * * * shall be reimbursed for the compensation already paid or awarded and any amount or amounts paid for medical or surgical services * * *."

In the case at bar, the employee, Metz, instituted the suit below after his employer, or more accurately, the employer's insurance carrier, Fireman's Fund, had failed to assert its right to bring suit against the third party tortfeasor within two months from the date of the compensation award.

Md. Code, Art. 101, § 58, contains the further provision that "if damages are recovered the injured employee * * * may first retain therefrom the expenses and costs of action incurred by the said employee * * * and the employer, [or] insurance company, * * * as the case may be, shall be reimbursed for the compensation already paid or awarded and any amount or amounts paid for medical or surgical services, funeral expenses * * * except court costs and counsel or attorney's fees, which shall be paid by the injured employee * * * and the employer, [or] insurance company * * * in the proportion that the amount received by each shall bear to the whole amount paid in * * * satisfaction of any judgment obtained in the case, and the balance in excess of these items shall inure to the injured employee * *. *."

In brief, under the statute the employer or his insurance carrier is reimbursed for compensation, medical

expenses, etc., previously paid to the employee, except court costs and counsel fees. These latter expenses shall be paid by the injured employee and by the employer or his insurance carrier in the proportion that the amount received by each shall bear to the whole amount of damages awarded. Thus, if there be only one attorney representing both the employee and the employer, or his insurance carrier, it is clear that if the fee, for example, were to be based upon one-third of the entire amount of damages recovered, then the employee would pay the attorney one-third of the amount the employee received upon distribution of the judgment funds and the employer or his insurance carrier would pay the attorney one-third of its distributive share. This much is clear under the statute.

It is not clear, however, what happens where the employee is represented by an attorney selected by him and the employer or his insurance carrier is represented in the same action against the third party by an attorney of its own choice.

In 1927 the Court of Appeals held in *Barrett v. Indemnity Ins. Co.*, 152 Md. 253, that an employee who recovered a judgment for damages against a third party tortfeasor was required under the then existing statute to reimburse the employer or his insurance carrier from the judgment obtained any monies advanced to the employee as compensation payments. The Court specifically held, however, that the employer or his insurance carrier was not liable, under the then existing statute, to pay counsel fees or any part thereof incurred by the employee.

Sec. 58 [then Sec. 59] of Art. 101 of the Md. Code was later amended by the Legislature with the obvious intent to make the employer or his insurance carrier liable for a share of the counsel fees incurred by the employee and a formula was developed under which each party would be responsible for counsel fees and court costs in the proportion that the amount recovered by each should bear to the whole amount recovered. See Ch.

608, *Laws of 1947,* also *Oleszczuk v. Calmar Steamship Corp.,* 163 F. Supp. 370.

In the case at bar, the action was brought by the employee in his name and that of Fireman's Fund. It is clear, therefore, that Fireman's Fund was a formal party to the suit and as such entitled to be represented, to the extent of its interest in the litigation, by counsel of its own choice. Md. Rule 3 a. Taking the combined judgments of $34,465 as a starting point, it seems clear under the statute that the employee and Fireman's Fund are jointly responsible for the over-all attorneys' fees incurred in conducting the litigation and that the proportion of their responsibility is fixed by the formula enunciated in the statute. If the ordinary fee arrangement in cases of this nature is based upon one-third of the amount recovered, the total fee payable to the attorneys would be one-third of $34,465, or $11,488.33. The employee would be obligated, under the statutory formula, to contribute to the over-all employees' fees one-third of the amount he received and Fireman's Fund would be required to contribute one-third of the amount it received. Ordinarily, it would then be up to the attorneys who represented the parties below to agree among themselves what proportion of the entire fees contributed by the employer and Fireman's Fund they were to receive based upon the efforts that they had respectively contributed to the entire litigation.

But appellant here contends that his attorneys did all the work and that the attorneys for Fireman's Fund contributed virtually nothing to the successful result obtained at the trial below. He argues, in effect, that Fireman's Fund must pay him its aliquot part for his attorney's services as if Fireman's Fund's attorneys were not in the case; that Fireman's Fund, by the simple device of employing its own attorneys, has been able to avoid the obligation to contribute to the appellant's counsel fees which the statute imposes upon it. While it may or may not be true that counsel for Fireman's Fund contributed little, if anything, to the judgment funds ob-

tained, we do not think that Fireman's Fund, which had a substantial stake in the results of the litigation, should be precluded from representation by counsel of its own choice or be required, for fee purposes, to treat the appellant's attorneys as the only attorneys in the case.

We think a fair solution to the problem is to direct that the order below be stricken; that the trial judge should conduct a hearing at which the over-all fee arrangement may be properly established; that he then determine on the basis of the total fee payable on the combined judgments the fair and reasonable worth of the appellant's attorneys' services and the fair and reasonable worth of the services of the attorneys for Fireman's Fund. In other words, the trial judge will determine what percentage of the total fee payable on the combined judgments the respective attorneys are entitled to receive based on their respective efforts and contributions to the total legal services rendered and the results achieved. While this may appear to be a cumbersome and perhaps tedious procedure, we think it is dictated by a reasonable interpretation of the statute. Likewise, we think it comports with the reasoning and action taken by Judge Holtzoff in *McCally v. Hartford Accident & Indemnity Co.*, 247 F. Supp. 444, which we find reasonable and persuasive.

In *McCally* the contention was made that Hartford, the employer's insurance carrier, was not required to contribute anything to the counsel fee incurred by the employee who had brought suit under Md. Code, Art. 101, § 58, against a third party tortfeasor. Judge Holtzoff found that under the statute, Hartford was required to contribute its proportionate share of the counsel fee incurred by the employee. The Court found that the obligation to contribute to payment of the counsel fee was an obligation "imposed by law and not by any agreement between the parties." The Court then found that the prevailing fee arrangement in the area was one-third of the amount recovered. Since the total amount recovered was $25,000, all of which it was agreed went to Hartford,

he found that the proper legal fee was one-third of that sum, *i.e.*, $8,333.33. The Court found, however, that the Claims Manager of Hartford had actively participated in the negotiations leading to the recovery of the $25,000 settlement and concluded that it was only "fair that some recognition should be given to Hartford for the fact that part of the work that resulted in the settlement was performed by its own representative [the Claims Manager]." The Court thereupon determined that Hartford should receive a credit of 50 percent of the total fee to cover the work contributed by Hartford's representative and then ordered Hartford to pay the sum of $4,166.66 to counsel for the employee.

We are not here confronted with the question of the right of the employer or his insurance carrier to intervene for the employee here made the insurance carrier a party to the litigation. We note, however, that in *Stark v. Gripp*, 150 Md. 655, 658-659, the Court of Appeals held that while "it may not be improper" to entitle a case of this nature to the use of the employer or the insurance carrier, "it is not necessary that it should be done" nor is it necessary "to have the jury make an apportionment of the amount of their verdict * * *."

> *Order below vacated and case remanded for further proceedings in accordance with this opinion.*
>
> *Costs of this appeal to be paid one-half by the appellant and one-half by the appellee.*