LIVINGSTON FIRE PROTECTION, INC. ET AL. *v.*
DOROTHY HUBBARD

[No. 1103, September Term, 1979.]

*Decided May 8, 1980.*

The cause was argued before THOMPSON, MELVIN and LISS,
JJ.

*L. Palmer Foret* and *David P. Durbin,* with whom were *Carr, Jordan, Coyne & Savits* on the brief, for appellants.

*John M. Quinn,* with whom were *Rowan, Abell, Quirk & Quinn* on the brief, for appellee.

Liss, J., delivered the opinion of the Court.

The appellants, Livingston Fire Protection, Inc. (Employer) and Travelers Insurance Company (Insurer), hereinafter designated as "Livingston," have filed this appeal from a judgment of the Circuit Court for Montgomery County, which reversed an order of the Workmen's Compensation Commission of Maryland. The appellee is Dorothy Hubbard, the widow of Harold R. Hubbard, a former employee of Livingston. By this appeal, appellants raise issues concerning the appropriate disposition of funds recovered by the employee in a suit against a third party tortfeasor.

Pursuant to Maryland Rule 1028, the parties have stipulated that the facts in this case are as follows: The husband of the appellee was injured on January 17, 1969, while in the employ of Livingston. The injury occurred when a pipe-fitting known as a "hanger" broke, causing Hubbard to fall some twelve to fifteen feet to the ground. He sustained serious and permanent injuries from this fall and as a result was ultimately adjudicated to have been permanently and totally disabled by the Maryland Workmen's Compensation Commission.

From January 21, 1969, through and including December 10, 1971, Hubbard's employer's insurer, the Travelers Insurance Company, paid him the sum of $11,616.55 in benefits for temporary total disability. On September 1, 1971, the Workmen's Compensation Commission found Mr. Hubbard to be permanently and totally disabled. That award was subsequently modified on November 17, 1971, to provide Mr. Hubbard benefits in the amount of $70 a week with total payments not to exceed $30,000, the maximum compensation then available under the Workmen's Compensation Act. No appeal was filed as to this award.

During the pendency of the workmen's compensation proceedings, Hubbard, as permitted by statute (Md. Ann. Code Art. 101, Section 58), retained counsel and instituted an action in tort against the third party tortfeasor, which had manufactured the purportedly defective hanger. The Travelers Insurance Company made informal arrangements with Mr. Hubbard's counsel to have its statutory claim protected in that suit.

The third party action proceeded to trial and Mr. Hubbard recovered a judgment in the amount of $240,393.65 against the third party tortfeasor. By the time of the payment of the judgment, the outstanding claim of the Travelers Insurance Company was $46,109.23, consisting of payments of the temporary total disability benefits, medical expenses and legal fees related to the third party complaint, together with permanent total disability payments.

At the time Mr. Hubbard recovered the third party judgment, some $17,950 remained as the unpaid balance on the total of $30,000 in permanent total disability benefits. It was conceded that by operation of law, Mr. Hubbard forfeited his right to those future payments by his acceptance of the third party recovery.

Pursuant to an agreement between Hubbard and his counsel, Mr. Hubbard's attorney received a contingent fee in the amount of fifty percent of the total third party recovery. This included a fifty percent fee on the sum of money recovered on account of Travelers' Workmen's Compensation claim and, as a result, Travelers received in cash $23,054.60. This was exactly one-half of the amount of the total payments made by Travelers as of the date the proceeds were distributed. After deduction of the fifty percent fee due his attorney on account of the remainder of the award, the balance was distributed to Mr. Hubbard in cash.

Mr. Hubbard then filed a petition for modification of his existing award of workmen's compensation benefits, claiming entitlement to $8,975, the sum alleged to be due representing attorneys' fees on the $17,950 unpaid balance

on the compensation award, which was eliminated by his acceptance of the third party action judgment proceeds but which had not been reimbursed to Travelers. Mr. Hubbard's petition for modification was denied by order dated July 21, 1978, signed by Commissioner Edward A. Palamara.

After this denial, the Hubbards sought review in the Circuit Court for Montgomery County. After cross-motions for summary judgment had been filed, on August 16, 1979, Judge Frosh entered an opinion and order which directed entry of judgment against Livingston and Travelers in the amount of $8,975. Judgment for the Hubbards was entered on August 17, 1979, and the appeal was timely noted.

Each of the parties to this case has proposed issues to be decided. We shall state the issues raised by the parties as follows:

I. Did the Circuit Court for Montgomery County have jurisdiction to review the action of the Workmen's Compensation Commission?

   1. Did the Maryland Workmen's Compensation Commission have the power under Section 57 and Section 58 of Article 101 to direct the payment of counsel fees due as a result of recovery of damages under a third party claim arising out of a compensable injury?

   2. If the Commission has such power, is its denial of a petition for modification of an award an appealable decision?

II. Did the Circuit Court properly interpret and apply Section 58 of the Maryland Workmen's Compensation Act?

   1. Does an employer/carrier's proportionate share of the costs of an employee's third party action include compensation payments awarded but not yet paid and not recovered in that action?

We conclude that our answer to the first issue under

Question I is dispositive of this case and will make unnecessary the consideration of the remaining issues raised by the parties. The opinion of the trial judge in this case determined as an initial matter that the Circuit Court for Montgomery County had jurisdiction to review the earlier action of the Workmen's Compensation Commission and to decide the substantive issues presented to the court. The trial judge based his conclusion on the plenary power found in Code (1957, 1964 Repl. Vol.), Article 101, Section 40 (c) of the Workmen's Compensation Act.[1]

The Act provides the underlying basis for the rules of statutory construction and interpretation that apply to Workmen's Compensation proceedings. Section 63 of the Act explicitly provides: "The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this article; but this article shall be so interpreted and construed as to effectuate its general purpose."

In implementing this philosophy, a number of special principles of statutory construction and interpretation have evolved in Workmen's Compensation cases, including the following:

1. The Workmen's Compensation Act should be construed liberally in favor of the injured employees, as its provisions will permit, in order to effectuate its benevolent purposes. *Bayshore Industries, Inc. v. Ziats,* 232 Md. 167, 192 A.2d 487 (1963); *W.C. & A.N. Miller Development Co. v. Honaker,* 40 Md. App. 185, 388 A.2d 562 (1978), *aff'd,* 285 Md. 216, 401 A.2d 1013 (1979); *Keene v. Insley,* 26 Md. App. 1, 337 A.2d 168 (1976).

---

1. Section 40 (c) Modifications or changes. — The powers and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders with respect thereto as in its opinion may be justified; provided, however, that no modification or change of any award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within five years next following the last payment of compensation.

2. The Workmen's Compensation Act should receive a practical, not a strict, construction and should be so interpreted and construed as to effectuate its general purposes. *Superior Builders v. Brown,* 208 Md. 539, 119 A.2d 376 (1956); *Larkin v. Smith,* 183 Md. 274, 37 A.2d 340 (1944).

3. Any uncertainty in the Workmen's Compensation law should be resolved in favor of the claimant. *Coats & Clark's Sales Corp. v. Stewart,* 39 Md. App. 10, 383 A.2d 67 (1978); *Keene v. Insley, supra.*

4. Conflicts in the Workmen's Compensation law should be resolved in favor of the claimant. *Kraushar v. Cummins Construction Corp.,* 180 Md. 486, 25 A.2d 439 (1942); *Lisowsky v. White,* 177 Md. 377, 9 A.2d 599 (1939).

Appellants rely on Article 101, Section 58 for their contention that an injured employee who recovers a third party judgment in excess of compensation benefits still due is precluded from seeking further administrative or appellate relief. Section 58 provides in pertinent part as follows:

[T]he amount thus received by the injured employee [third-party recovery] or in case of death by his dependents shall be in lieu of any award that might otherwise have been made thereafter in the same case under the provisions of this article *and said case shall thereafter be deemed to have been finally settled and closed unless the amount thus received by the injured employee or his dependents from such other person shall be less than the injured employee or his dependents would be otherwise entitled to receive under the provisions of this article,*[2] in which event he or his dependents shall

---

**2.** It is conceded that the amount of third party recovery in this case is substantially greater than any amount recoverable under the workmen's compensation law.

have the right to reopen the claim for compensation under this article to recover the difference between the amount thus received by the injured employee or his dependents and the full amount of compensation which would be otherwise payable under this article. [Emphasis supplied.]

We hold that the recovery and payment of the third party judgment ousted any further jurisdiction of the Workmen's Compensation Commission in this compensation claim unless and until the amount received from the third party was less than the compensation award. This holding is consistent with our holdings in *Nazario v. Washington Adventist Hospital, Inc.,* 45 Md. App. 243, 412 A.2d 1271 (1980), and *Brocker Manufacturing & Supply Co. v. Mashburn,* 17 Md. App. 327, 301 A.2d 501 (1973). Appellee has referred us to cases in other jurisdictions [3] but we need not rely on them as Section 58, in our opinion, is susceptible of only one rational interpretation.

Appellee also relies on Section 57 and contends that by the provisions of that section the Commission has been assigned a definite function in the determination of the payment of counsel fees. The pertinent portion of Section 57 provides as follows:

No person shall charge or collect any compensation for legal services in connection with any claims arising under this article, or for services or treatment rendered or supplies furnished pursuant to Section 37 of this article, unless the same be approved by the Commission. Upon application of any party in interest, the Commission shall have full power to hear and determine any and all questions which may arise concerning legal

---

**3.** Cooper v. Argonaut Insurance Companies, 556 P.2d 525 (1976); Security Insurance Co. v. Norris, 439 S.W.2d 68 (1969); Wall v. Connecticut Welding & Machine Co., 179 A.2d 235 (1962); Stacy v. Noble, 361 S.W.2d 285 (1962); Charles Seligman Distributing Co. v. Brown, 360 S.W.2d 509 (1962).

services rendered in connection with any claim under this article, and may order any attorney or other person receiving the same to refund to the person paying the same, any portion of any charge for legal services which the Commission may, in its discretion, deem excessive. Orders of the Commission regulating payments and refunds for legal services may be enforced in the courts of this State, or may be appealed from in a like manner as awards from compensation under this article.

A reading of the language of this section convinces us that it gives the Commission no jurisdiction whatsoever over the payment or allocation of counsel fees in connection with a third party claim as the pertinent language of the section is specifically limited to legal fees "rendered in connection with any claim under this article."

In the light of our conclusion that the Workmen's Compensation Commission had no jurisdiction to direct or allocate the payment of counsel fees claimed as the result of the successful conclusion of the third party claim arising out of the original compensation claim, it is obvious that the trial court had no jurisdiction to hear and determine an appeal arising out of that controversy. We conclude the court below was in error in ordering that the employer/insurer be required to pay the sum of $8,975 representing attorneys' fees on the $17,950 unpaid balance of the original compensation award.

> *Judgment reversed, costs to be paid by appellee.*