DOROTHY HUBBARD *v.* LIVINGSTON FIRE
PROTECTION, INC. ET AL.

[No. 51, September Term, 1980.]

*Decided March 3, 1981.*

The cause was argued before MURPHY, C. J., and SMITH,
DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*John M. Quinn,* with whom were *Rowan, Abell, Quirk & Quinn* on the brief, for appellant.

*David P. Durbin,* with whom were *L. Palmer Foret* and *Carr, Jordan, Coyne & Savits* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall here hold that under the Workmen's Compensation Act (the Act) an employer and its insurance company are not obligated to reimburse an employee for attorney's fees paid on that portion of an award under the Act which they were relieved from paying the employee by virtue of his recovery from a third party of a sum in excess of the award. Accordingly, we shall affirm the decision of the Court of Special Appeals in *Livingston Fire Pro. v. Hubbard,* 45 Md. App. 504, 414 A.2d 5 (1980).

The facts are not in dispute and may be briefly recounted. Harold R. Hubbard was injured in 1969 while in the employ of Livingston Fire Protection, Inc. He sought and received benefits under the Act. Pursuant to it an ultimate determination was made that Hubbard was permanently and totally disabled. As permitted by Maryland Code (1957, 1964 Repl. Vol.) Art. 101, § 58, he retained counsel and instituted an action in tort against the alleged third party tort-feasor, the manufacturer of the purportedly defective hanger which caused his injury. The insurance company made informal arrangements with Hubbard's counsel to have its statutory lien for compensation protected. A judgment in the amount of $240,393.65 was recovered. A settlement statement was prepared, submitted to and accepted by Hubbard, his wife, and the insurance company. It states:

PROCEEDS:  . . . . . . . . . . . . . . $240,393.65

LESS:

Shapiro, Weil & Jacobs
    Attorneys' Fee . . . . . . . . . . . . . . . . . . $120,000.00[1]

---

1. In this case we do not have before us either the conscionability or the reasonableness of this fee.

Shapiro, Weil & Jacobs,
    Costs Advanced  . . . . . . . . . . . <u>714.13</u>
                           $120,714.13

Travelers Insurance Co.
  Gross Lien:
    Medical  . . . . . . . . . . . . .  $19,339.44
    Temporary-Total  . . . . . . . .  11,313.65
    Permanent-Total  . . . . . . . .  12,050.00
    Expense  . . . . . . . . . . . . . .  <u>3,406.14</u>
                           $46,109.23

Adjusted Lien After 50% fee
and costs (50% of $46,109.23)     <u>23,054.61</u>
                           143,768.74

BALANCE TO: Harold R. Hubbard and
       Dorothy Hubbard  . . . . . . . .  <u>$96,624.91</u>

Almost four years after that settlement Hubbard through other counsel filed a petition with the Commission seeking modification of the award. He claimed that under the finding of permanent total disability the obligation of the insurer, Traveler's Insurance Company, was $30,000, to be paid periodically; that the difference between that sum and the $12,050 actually paid up to the time of settlement was $17,950 and that he was entitled to be reimbursed in the amount of $8,975, claiming this "sum represents the attorney's fees which he in essence paid on behalf of the Traveler's Insurance Company." The Commission denied the relief prayed. By this time Hubbard had died and his widow was pursuing the matter. Although her attorney advised the Commission that he "would like to inquire as to whether or not [it would] favor [his] client and [him] by filing in the record [its] specific reasons as to why [her] further claim was denied," no opinion appears. An appeal was entered to the Circuit Court for Montgomery County. It reversed, referring in its reasoning to the first sentence of § 58 concerning a suit by an employer against a third party and not to the second sentence of that section under which the injured employee

brought suit in this instance. Judge Liss stated for the Court of Special Appeals that the Commission was not permitted to entertain an additional claim for compensation in the light of the settlement and § 58 "unless and until the amount received from the third party was less than the compensation award." *Id.* 45 Md. App. at 510. It was on this basis that the court concluded "that the Workmen's Compensation Commission had no jurisdiction to direct or allocate the payment of counsel fees claimed as the result of the successful conclusion of the third party claim arising out of the original compensation claim . . . [and, consequently] that the trial court had no jurisdiction to hear and determine an appeal arising out of that controversy." *Id.* at 511. We granted the writ of certiorari in order that we might address the important public question here presented.

As previously noted, the suit against the third party was brought pursuant to the authorization in Art. 101, § 58.[2]

---

2. The statute, with its amendment by Chapter 65 of the Acts of 1979 changing an obvious error in the last clause of the last sentence, reads in its entirety:

Where injury or death for which compensation is payable under this article was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee, or in the case of death, his personal representative or dependents as hereinbefore defined, may proceed either by law against that other person to recover damages or against the employer for compensation under this article, or in case of joint tort-feasors against both; and if compensation is claimed and awarded or paid under this article, any employer, if he is self-insured, insurance company, association or the State Accident Fund, may enforce for their benefit, as the case may be, the liability of such other person; provided, however, if damages are recovered in excess of the compensation already paid or awarded to be paid under this article, and also any payments made for medical or surgical services, funeral expenses or for any of the other purposes enumerated in § 36 of this article, then any such excess shall be paid to the injured employee, or in case of death to his dependents less the expenses and costs of action incurred by the employer, insurance company, association or State Accident Fund as the case may be. If any such employer, insurance company, association or State Accident Fund shall not, within two months from the passage of the award of this Commission, start proceedings to enforce the liability of such other person, the injured employee, or in case of death, his dependents, may enforce the liability of such other person, provided, however, that if damages are recovered the injured employee or in case of death his dependents may first retain therefrom the expenses and costs of action incurred by the said

This section is a two-pronged authorization for suit against a third party tort-feasor. The first is to the employer. The second is to the employee if a suit has not been brought on behalf of the employer within a stated period of time. Stripped of all excess verbiage not relevant to the dispute here, § 58 reads:

Where injury . . . for which compensation is payable under this article was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee . . . may proceed either by law against that other person to recover damages or against the employer for compensation under this article . . .; and if compensation is claimed and awarded or paid under this article, any . . . insur-

employee or in case of death his dependents, and the employer, insurance company, association or the State Accident Fund, as the case may be, shall be reimbursed for the compensation already paid or awarded and any amount or amounts paid for medical or surgical services, funeral expenses or for any of the other purposes enumerated in § 36 of this article, except court costs and counsel or attorney's fees, which shall be paid by the injured employee and/or his dependents, and the employer, insurance company, association or State Accident Fund in the proportion that the amount received by each shall bear to the whole amount paid in settlement of any claim or satisfaction of any judgment obtained in the case, and the balance in excess of these items shall inure to the injured employee, or in case of death, to his dependents, and the amount thus received by the injured employee or in case of death by his dependents shall be in lieu of any award that might otherwise have been made thereafter in the same case under the provisions of this article and said case shall thereupon be deemed to have been finally settled and closed unless the amount thus received by the injured employee or his dependents from such other person shall be less than the injured employee or his dependents would be otherwise entitled to receive under the provisions of this article, in which event he or his dependents shall have the right to reopen the claim for compensation under this article to recover the difference between the amount thus received by the injured employee or his dependents and the full amount of compensation which would be otherwise payable under this article.

When any employee has a right of action under this section against a third party, the period of limitations for such action, as to such employee, shall not begin to run until two months after the first award of compensation made to such employee under this article, and this section shall apply to past and future rights of action under this section.

ance company . . . may enforce for their benefit . . . the liability of such other person; provided, however, if damages are recovered in excess of the compensation already paid or awarded to be paid under this article, and also any payments made for medical or surgical services, . . . or for any of the other purposes enumerated in § 36 of this article, then any such excess shall be paid to the injured employee, . . . less the expenses and costs of action incurred by the . . . insurance company . . . . If any such . . . insurance company . . . shall not, within two months from the passage of the award of this Commission, start proceedings to enforce the liability of such other person, the injured employee, . . . may enforce the liability of such other person, provided, however, that if damages are recovered the injured employee . . . may first retain therefrom the expenses and costs of action incurred by the said employee . . . and the . . . insurance company . . . shall be reimbursed for the compensation already paid or awarded and any amount or amounts paid for medical or surgical services . . . or for any of the other purposes enumerated in § 36 of this article, except court costs and counsel or attorney's fees, which shall be paid by the injured employee . . . and the . . . insurance company . . . in the proportion that the amount received by each shall bear to the whole amount paid in . . . satisfaction of any judgment obtained in the case, and the balance in excess of these items shall inure to the injured employee . . ., and the amount thus received by the injured employee . . . shall be in lieu of any award that might otherwise have been made thereafter in the same case under the provisions of this article and said case shall thereupon be deemed to have been finally settled and closed unless the amount thus received by the injured employee . . . from such other person shall be less than the injured employee . . . would be

> otherwise entitled to receive under the provisions of this article, in which event he . . . shall have the right to reopen the claim for compensation under this article to recover the difference between the amount thus received by the injured employee . . . and the full amount of compensation which would be otherwise payable under this article.

The history of § 58 has been carefully traced in a series of cases in this Court and in the Court of Special Appeals. See *Hagerstown v. Schreiner,* 135 Md. 650, 109 A. 464 (1920); *Bethlehem Steel Co. v. Raymond Concrete Pile Co.,* 141 Md. 67, 118 A. 279 (1922); *Clough & Molloy v. Shilling,* 149 Md. 189, 131 A. 343 (1925); *State v. Francis,* 151 Md. 147, 134 A. 26 (1926); *Barrett v. Indemnity Ins. Co.,* 152 Md. 253, 136 A. 542 (1927); *Baltimore Transit Co. v. State,* 183 Md. 674, 39 A.2d 858 (1944); *Metz v. Fireman's Fund Insur.,* 15 Md. App. 179, 289 A.2d 830 (1972); and *Brocker Mfg. v. Mashburn,* 17 Md. App. 327, 301 A.2d 501 (1973).

Under the original enactment by Chapter 800 of the Acts of 1914 an injured employee had a choice. He could sue the third party or he could claim compensation under the Act, but he might not pursue both remedies. *Hagerstown,* 135 Md. at 655; *Bethlehem Steel Co.,* 141 Md. at 87, 89; and *Barrett,* 152 Md. at 259. Leave under limited circumstances to claim compensation and also to bring an action against a third party was provided by amendments to the Act by Chapter 456 of the Acts of 1920 and Chapter 303 of the Acts of 1922. They are the source of the present authority for an employee to sue the third party if the employer has not brought such a suit within two months from the passage of an award by the Commission. *Barrett,* 152 Md. at 259. But three significant amendments have been made since then. The first was Chapter 608 of the Acts of 1947 which inserted the provision relative to the sharing of counsel fees. *Metz,* 15 Md. App. at 183. The second was the addition, not pertinent to this case, by Chapter 588 of the Acts of 1955 relative to limitations for the bringing of such actions. The third came as a result of the recommendations of the Commission to Study Maryland's Workmen's Compensation Laws and the

Operation of the State Industrial Accident Commission. Pursuant to its recommendations Chapter 814 of the Acts of 1957 added the language at the end of the second sentence specifying that if the sum recovered by the injured employee from the third party action was less than he might otherwise be entitled to receive under the Act he had the right to reopen his claim to recover the difference between the amount thus received and the full amount of compensation which otherwise would be payable to him under the Act. *Brocker,* 17 Md. App. at 333-35.

Annot., 74 A.L.R.3d 854 (1976), relative to tort suit expenses in workmen's compensation cases, states:

> The statutory provisions which have been referred to by the courts which have considered whether an employer or workmen's compensation insurance carrier may be charged with a portion of the attorneys' fees and costs relating to litigation instituted by an injured employee in an effort to effect a recovery against a third-party tortfeasor fall into three general classifications: (1) those statutory provisions which contain no express reference to attorneys' fees and costs incurred by the employee in the third-party tort action; (2) those statutes which provide for the deduction from the third-party recovery fund of the attorneys' fees and costs incurred by the employee in the third-party litigation, but which do not expressly provide for the apportionment of such fees and costs between the employee and the employer or insurance carrier; and (3) those statutory provisions which contain an express direction that the attorneys' fees and costs incurred by the employee in the third-party tort action should be apportioned between the employee and the employer or compensation insurance carrier. [*Id.* at 863.]

Maryland falls into the third category. *Id.* at 881 and 919-20. See also Atleson, *Workmen's Compensation: Third Party Actions and the Apportionment of Attorney's Fees,* XIX Buffalo L. Rev. 515 (1969-70).

*Barrett* was the aftermath of *Clough & Molloy.* The insurer for the employer advised the claimant that in its opinion the death of the employee did not occur under circumstances creating a legal liability in Clough & Molloy, Inc. After an award for compensation had been entered a suit was instituted against Clough & Molloy on behalf of the widow and infant children. She employed Mr. Barrett in this regard. He deducted his fee of one-third from the sum recovered for the widow and children. He "then demanded that the insurer also pay him a fee for recovering for it the sum of $5,125, which it, under the award of the State Industrial Accident Commission, was obliged to pay to Mrs. Shilling, and upon its refusal to make such payment he brought . . . suit against the insurer." *Id.* 152 Md. at 256. Judge Offutt, after a thorough review of the statute and its background, there said for the Court:

> The statute gave Mrs. Shilling the right to elect whether she would proceed at law against the tort feasor to recover damages, or against the employer to recover compensation . . ., but *except in the manner provided by the statute* she could not do both. And when she claimed and received compensation from the employer and the insurer, she could thereafter proceed only against the intervening *tort feasor,* whose act caused the death of her husband *in compliance with the terms of the statute, Stark v. Gripp,* 150 Md. 655 [, 133 A. 338 (1926)]. . . . [The statute] creates a special statutory remedy, and the rights of all persons affected by the proceedings are, so far as they are applicable, *measured and limited by the terms of the statute. [Id.* 152 Md. at 259 (emphasis added).]

This exact language was quoted by Judge Hammond for the Court in *Baltimore Transit Co. v. Harroll,* 217 Md. 169, 176, 141 A.2d 912 (1958), emphasizing that which we have italicized. The Court went on in *Barrett* to say that in its opinion the insurance company "was not obliged to contribute to the counsel fees incurred by Mrs. Shilling in

the institution and prosecution of the proceeding against Clough & Molloy, Inc." It held that "even if the [insurance company] were obliged to contribute to the expenses incurred by her for counsel whom she employed, Barrett, her attorney, would have no right to enforce that obligation in his own name . . . ." *Id.* at 260.

In *Western Md. Ry. v. Assurance Corp.*, 163 Md. 97, 161 A. 5 (1932), an insurance company sought to restrain an employee and two alleged tort-feasors from making a settlement without assigning to it so much of the sum obtained as it had previously advanced. In holding that the insurance company was entitled to receive the amount of money paid or recovered "to the extent of its obligation under the award, together with its 'expenses and costs of action,'" *id.* at 105, Judge Sloan said for the Court:

> There is only one claim and that is of the one injured . . . and one judgment, the division of which is fixed by statute. However the money may be derived from such a source, and it makes no difference whether it be by suit or compromise, *its distribution is fixed by the terms of the statute, and the construction put upon it in the opinion by Judge Offutt in Barrett v. Indemnity Ins. Co.,* 152 Md. 253, 259, 136 A. 542, 544, and which we hold to be applicable here, is: "Considering this language and also the purpose of the original act as stated in the preamble thereto, the obvious intention of the Legislature was that the injured employee or his dependents should not receive any part of the damages recovered in a proceeding brought to enforce a legal liability in some person other than the employer, until the employer or the insurer had been reimbursed for all sums paid under the award against them or either of them, including payments for medical and surgical services and funeral expenses, and the 'employer's expenses and costs of action' had been paid." [*Id.* at 104 (emphasis added).]

In *Metz* a successful third party action was maintained. Two attorneys were involved, one employed by Metz and one by the insurance carrier. It was contended that the attorney for Metz had done most of the work. The parties were not in agreement as to the allocation of fees. Judge Morton said for the court:

> In brief, under the statute the employer or his insurance carrier is reimbursed for compensation, medical expenses, etc., previously paid to the employee, except court costs and counsel fees. These latter expenses shall be paid by the injured employee and by the employer or his insurance carrier in the proportion that the amount received by each shall bear to the whole amount of damages awarded. Thus, if there be only one attorney representing both the employee and the employer, or his insurance carrier, it is clear that if the fee, for example, were to be based upon one-third of the entire amount of damages recovered, then the employee would pay the attorney one-third of the amount the employee received upon distribution of the judgment funds and the employer or his insurance carrier would pay the attorney one-third of its distributive share. This much is clear under the statute.
>
> It is not clear, however, what happens where the employee is represented by an attorney selected by him and the employer or his insurance carrier is represented in the same action against the third party by an attorney of its own choice. [*Id.* 15 Md. App. at 182-83.]

The court fashioned the remedy of remanding the case to the trial court for the purpose of "determin[ing] on the basis of the total fee payable on the combined judgments the fair and reasonable worth of the [employee's] attorneys' services and the fair and reasonable worth of the services of the attorneys for the [insurance company]." *Id.* at 185. The court said it found the opinion of Judge Holtzoff in *McCally v. Hartford*

*Accident & Indemnity Co.,* 247 F. Supp. 444 (D.D.C. 1965), to be "reasonable and persuasive." *McCally* applied Maryland law. *Cf. Thomas v. Aetna Casualty & Surety Company,* 473 F.2d 164 (D.C. Cir. 1972), also applying Maryland law.

A case closely analogous to the one at bar is *Gray v. State Roads Comm'n,* 253 Md. 421, 252 A.2d 810 (1969). In that case the employee sought payment of a supplemental award of $2830 notwithstanding the fact that he had received $3399.95 as a result of his third party tort claim. Judge Finan pointed out for the Court that § 58 "provides that the net sum ... recovered by an injured claimant ... in a third party proceeding over and above all previous liens, costs and expenses" was to be in lieu of any award that might otherwise have been made thereafter in the same case, and that the case should be deemed "to have been finally settled and closed" unless such amount was less than the employee would otherwise be entitled to receive under the Act. *Id.* at 424. He then said for the Court:

> We think the above quoted language of the statute controls this case. Therefore, the net sum of $3,399.95 previously recovered by the claimant in the third party proceedings, being not less than the $2,830.00 amount awarded the appellant by the Commission's order of February 27, 1967, but rather in excess thereof, there is nothing due the appellant by the appellees.
>
> The option open to the employer, his insurance carrier and the injured employee, in cases where action against a third party tort-feasor is available, under section 58, Article 101, and the proposition that the employee (or his dependents) is entitled to only one recovery was well expressed by Judge Hammond, now Chief Judge, writing for the Court in *Baltimore Transit Co. v. Harroll,* 217 Md. 169, 141 A.2d 912 (1958) ... [*Id.* at 424-25.],

quoting from that portion of *Baltimore Transit Co. v. Harroll, supra,* to which we have previously alluded.

As this Court held in *Barrett,* the employee here could not proceed against both the tort-feasor and his employer "except in the manner provided by the statute," § 58. The suit here was under the second sentence in § 58, which is clear and unambiguous. If a suit is brought under such circumstances and there is a recovery against the third person, the employer and his insurance company have a right to be reimbursed for compensation paid or awarded and for any amounts paid under the Act, except court costs and counsel fees. Court costs and counsel fees are to be paid by the injured employee and the employer's compensation insurance carrier in the proportion that the amount received by each shall bear to the whole amount paid in settlement or satisfaction of any award obtained in the case. This was done here, as the settlement sheet which we have quoted plainly revealed. Professor Atleson, *op. cit.* at 528, seems to be of the view that the division reflected upon that settlement sheet is the proper one under Maryland law. The balance in excess of those items then inures to the injured employee. Relative to that sum the Act states, "[T]he amount thus received by the injured employee . . . shall be in lieu of any award that might otherwise have been made thereafter in the same case . . . and said case shall thereupon be deemed to have been finally settled and closed" unless the amount received by the employee is less than he otherwise would be entitled to receive under the provisions of the Act. This provision of the statute and the decisions of this Court in *Gray* and *Barrett* control this case. Since the amount recovered by the employee in the third party proceeding is in excess of the amount awarded by the Commission's order, there is nothing due the employee from his employer or its insurance company. The case is "deemed to have been finally settled and closed . . . ."

*Judgment affirmed; appellant to pay the costs.*