DAVID CARUSO, as Administrator Ad Prosequendum and Administrator of the Estate of ROCCO R. CARUSO, Deceased, Respondent, *v.* JACKSON TRANSPORTATION CORP., Defendant; LIBERTY MUTUAL INSURANCE COMPANY, Appellant.

First Department, December 12, 1961.

60

*John Nielsen* of counsel (*Thomas O. Perrell* with him on the brief; *Perrell, Nielsen & Stephens*, attorneys), for appellant.

*Joel L. Scheinert* of counsel (*Kreindler & Kreindler, Harry E. Kreindler* and *Milton G. Sincoff* with him on the brief; *Joseph Tenner*, attorney), for respondent.

*Barry, Treanor, Shandell & Brophy* for defendant.

*Per Curiam.* In February, 1957, while engaged in his employment, Rocco R. Caruso was assaulted and killed by an employee of defendant. Thereafter plaintiff, as administrator, brought a third-party action in this State for Caruso's death, and Bessie Caruso, the widow of the deceased, also made claim for workmen's compensation benefits in New Jersey. On February 6, 1959, the New Jersey Workmen's Compensation Bureau awarded her $14,000, to be paid in installments of $40 a week over a period of 350 weeks.

Mrs. Caruso died on March 17, 1960, after the compensation insurance carrier had paid her $7,499.27, consisting of $6,480 in installments on the award, $619.27 in medical expenses, and $400 in general expenses. Under New Jersey law, the compensation carrier's obligation to make further payments terminated with her death.

About a year after Mrs. Caruso's death, the third-party death action in this State was settled for $14,000. In approving the settlement Special Term awarded plaintiff's attorney $4,666.67, representing one third of the amount of the settlement — and, coincidentally, one third of the full amount of the workmen's compensation award. Special Term further directed, and it is this branch of the order that is here on appeal, that the entire fee be paid by the carrier.

Appellant carrier contends it should have been charged with only $2,499.76 of plaintiff's attorney's fee; that is, one third of $7,499.27, the amount it had actually expended in compensation payments.

Subdivision (b) of section 34:15-40 of the Revised Statutes of New Jersey reads as follows: " (b) If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined."

Subdivision (e) provides in part: " ' attorney's fee ' shall mean such fee, but not in excess of 33⅓% of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding."

In holding that the compensation insurance carrier must pay plaintiff's attorney one third of the entire original award in workmen's compensation, Special Term relied on *Caputo* v. *Best Foods* (17 N. J. 259). That case held that the term " reimbursement ", as provided in the statute, and upon which the attorney's fee should be computed, referred to the *quantum* of the employer's statutory liability, rather than payments actually made in satisfaction *pro tanto* of the obligation. It quoted with approval a policy consideration expressed in *Savitt* v. *L. & F. Constr. Co.* (124 N. J. L. 173) that to calculate the fee on the amount actually paid " would put a premium on delay in the payment of the compensation due from the employer under the act, and thereby subvert the outstanding legislative policy " (p. 265). (See to same effect *McClare* v. *Tasty Baking Co.*, 127 N. J. L. 492.) The *Caputo* case also mentioned the manifest

injustice of laying " upon the injured employee the cost of a recovery that under the statute inured to the employer, not alone the reimbursement of payments actually made but also the extinguishment of the whole of the continuing liability " (p. 264).

In this case, unlike the New Jersey cases cited above, the employer's compensation insurance carrier did not extinguish its liability for the unpaid portion of the *quantum* of the original award by virtue of the settlement of the third-party death action. That liability had already been extinguished a year earlier, when Mrs. Caruso had died. Thus, the carrier in this case could not in any sense be the beneficiary of a collateral windfall through remission of that part of the award remaining unexpended upon the death of Mrs. Caruso. And, of course, there could have been no incentive to delay workmen's compensation payments such as was apprehended by the New Jersey courts.

The opinions of the New Jersey courts in construing the pertinent statutes do not treat explicitly with the precise question that confronts this court. Reading those illuminating opinions in their related but not similar factual context, we believe that the New Jersey Legislature did not intend to charge an employer or its compensation carrier with attorney's fees based on the full amount of the original award when payment of part of that award had been released by operation of law prior to recovery under the third-party action.

Accordingly, the order appealed from should be modified, without costs, to the extent of reducing the compensation carrier's liability for attorney's fees to $2,499.76, and otherwise affirmed.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and BERGAN, JJ., concur.

Order entered on July 14, 1961 so far as appealed from unanimously modified, to the extent of reducing the compensation carrier's liability for attorney's fees to $2,499.76, and, as so modified, the order is affirmed, without costs.