**SECURITY INSURANCE COMPANY OF HARTFORD, Appellant,**

v.

**Raymond NORRIS, Administrator of the Estate of Kenneth Leon Norris, Deceased, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1969.

Rehearing Denied April 25, 1969.

Robert H. Helton, Jr., Brown, Tooms & Helton, London, for appellant.

James E. Thompson, Shackelford, Burnam & Thompson, Richmond, for appellee.

CULLEN, Commissioner.

On this appeal a workmen's compensation insurance carrier, against whom an award had been made for the dependents of a deceased workman, is seeking to reverse a judgment which held the carrier liable for attorneys' fees and other costs incurred in a suit on behalf of the workman's dependents against a third-party tortfeasor, which suit resulted in a recovery that had the effect of relieving the carrier of liability for further payments under the award.

Kenneth Norris, an employe of Jackson County Rural Electric Cooperative Corporation, was killed in an accident arising out of and in the course of his employment. He left surviving him a widow and infant child. The latter obtained an award of workmen's compensation against Jackson's insurance carrier, Security Insurance Company of Hartford (hereinafter "Security Company"), under which $500 was paid for funeral expenses and benefits of $34 per week were to be paid for 400 weeks. In

addition to pursuing the workmen's compensation remedy, the widow and child sought recovery of damages for wrongful death against Kentucky Utilities Company (hereinafter "K.U."), on the allegation that Norris's death was caused by the negligence of K.U. The latter action was prosecuted through an administrator, one Raymond Norris (the widow was too young to qualify). Security Company intervened in the action and prayed for recovery of funeral expenses and compensation benefits "paid or payable," but the intervention was not made until the action was in the late stages of negotiation and the preparation of the case had substantially been completed by the administrator's attorneys. Shortly after the intervention the action was settled for $50,000. Up to the time of settlement Security Company had paid out a total of $4,240 under the workmen's compensation award, and it was agreed and understood that Security Company was entitled to that amount out of the $50,000 recovery. However, a dispute arose between Security Company on the one hand, and the widow and child on the other, on the question of the extent of Security Company's liability for the costs of the recovery, particularly attorney fees. The issue on this appeal relates to that question.

The administrator paid his attorneys, pursuant to contract, a fee of 40% of the amount recovered from K.U. for the widow and child ($45,760). Security Company was willing to pay a reasonable attorney fee to the administrator's attorneys for their services in recovery of the $4,240 which was in recoupment of the workmen's compensation benefits *actually paid out* by Security Company. However, the widow and child insisted that Security Company should reimburse them for the fee paid the administrator's attorneys on approximately $10,000 of the amount recovered for the widow and child, on the theory that the recovery resulted in Security Company's being relieved of liability for approximately $10,000 in *future* compensation payments (Security Company ceased making payments when the settlement was made with K.U.), and therefore the fee was paid for the benefit of Security Company. The widow and child also argued that the administrator's fee (of 10%) allowed by the county court on the amount received from K.U. in the settlement (the whole $50,000) was a cost of recovery of which Security Company should bear its proportionate part —that being the cost on the portion of the settlement equal to the amount of past compensation payments recouped and of future payments relieved.

The circuit court agreed with the arguments of the widow and child and entered judgment accordingly. The court found that 40% was a reasonable attorneys' fee and that the 10% administrator's fee was reasonable. The judgment required Security Company to pay to the administrator's attorneys a fee of 40% on the $4,240 of past compensation payments recouped, and to pay to the administrator (as reimbursement for attorneys' fees paid by him) an amount equal to 40% of the amount of future compensation payments of which Security Company was relieved. The judgment also required Security Company to pay to the widow and child an amount equal to 10% of the amount of compensation payments (both past recouped and future relieved), as reimbursement for administrator's fee paid by them.

Security Company has appealed, complaining of error as to the payments required to be made to reimburse the administrator for attorney fees and to reimburse the widow and child for administrator fees. (No question is raised as to the *reasonableness* of either fee; the contention is that there should be no liability for the fees.)

As to the matter of attorney fees, Security Company concedes that under the interpretation placed on KRS 342.055 by this court in such cases as Southern Quarries & Contracting Co. v. Hensley, 313 Ky. 640, 232 S.W.2d 999; Charles Seligman

Distributing Company v. Brown, Ky., 360 S.W.2d 509, and Stacy v. Noble, Ky., 361 S.W.2d 285, the workmen's compensation carrier properly may be held liable for attorney fees incurred by the injured employe (or a deceased employe's administrator) in recovering damages from a third-party tort-feasor, to the extent that the recovery relieves the carrier of liability for future compensation payments, *if* the recovery against the third party is *less* than the remaining unpaid amount of the compensation award. But Security Company contends that where the recovery is of *more* than the remaining unpaid amount of the compensating award, the compensation carrier is not liable for attorney fees on any part of the recovery by the employe or his dependents.

■ The statute, KRS 342.055, contains no provision as to sharing by the compensation carrier of the costs of a recovery by the employe against the third-party tort-feasor. Our decisions imposing a liability, such as *Brown* and *Noble*, supra, have based the liability on principles of equity, fairness and justice, such as are invoked in cases of unjust enrichment. Those principles apply with equal force whether the recovery relieves the compensation carrier of *all* future payments or only of part of them. In either case the carrier should bear the costs of the recovery to the extent it redounds to his benefit.

Actually this was the view taken by the court in *Brown*, supra, because the opinion in that case states that equity requires the compensation carrier to bear the costs of a recovery for his benefit, "regardless of the respective amounts recovered." It is true that the opinion in *Brown* speaks of the costs of recovery of the amount which the recovering employe is required to "pay over" to the carrier, and the opinion in *Noble*, supra, says that whoever "takes the money" is chargeable with a share of the fee. But those statements were inadvertences, because in a suit by the employe alone (or the administrator of a deceased employe) he cannot collect for the compensation carrier money that the carrier already has paid to him (that recovery can be made only by the carrier itself, Williams v. Brown, 205 Ky. 74, 265 S.W. 480); so the employe will never recover money that he is required to "pay over" to the carrier nor will the carrier "take" any money that the employe has recovered. Of course if the carrier *intervenes* in the employe's action and obtains a recovery *directly for itself* of compensation payments it has made to the employe, the carrier nevertheless may be liable to the employe's attorneys for a fee because their services secured the recovery, but that is really not what *Brown* and *Noble* were talking about. They were talking about the amount of *future* liability of which the carrier is relieved by virtue of the *employe's* recovery.

■ It is our opinion that the carrier in the instant case properly was held liable for the attorneys' fees on such amount of recovery by the administrator against K.U. as equaled the amount of future compensation payments of which the carrier was relieved (this liability being in addition to the carrier's admitted liability for fees on the amount of $4,240 recovered directly for the carrier).

Our opinion is in accord with the decisions in other jurisdictions. See Wall v. Conn Welding & Machine Company, 197 Pa.Super. 360, 179 A.2d 235; Caputo v. Best Foods, Inc., 17 N.J. 259, 111 A.2d 261; Knox v. Land Construction Company, Mo. App., 345 S.W.2d 244. It is true that in each of those jurisdictions there was a statute providing that the compensation carrier should bear a proportionate part of the costs of recovery against a third-party tort-feasor, but none of those statutes specifically stated that the carrier must pay costs on such amount of the recovery as relieved the carrier of liability for future compensation payments, and in each of the cited cases the court resorted to principles of *justice*

*and equity* in holding that the carrier must pay those costs.

This leaves us with the question of the administrator's fee. As concerns the amount of recovery *for the widow and child* which redounded to the benefit of Security Company by way of relieving it of liability for future compensation payments, the fee was clearly an essential cost of the recovery. The widow and child could not sue except through an administrator and the fee would not have been incurred except for the recovery. So we think Security Company properly was held liable for the administrator's fee on the amount of recovery above mentioned. As concerns the recovery of $4,240 directly for Security Company it is true that Security Company could have prosecuted the proceedings for recovery in its own name without regard to the administrator. But it did not do so; it chose to let the administrator carry the burden of the litigation and perform the work which enabled the recovery for Security Company. Strictly, the court should not have awarded an administrator's fee *as such* on the $4,240 recovered directly for Security Company because the administrator was not acting in the capacity of administrator as to such recovery but rather was acting as an agent for Security Company. However, we think the administrator was entitled to compensation for his services to Security Company and that the amount allowed was reasonable for those services. So it is our opinion that the judgment was proper as relates to the administrator's fee.

In closing we call attention as a matter of interest to our decision in a case companion to this one, Kentucky Utilities Company v. Jackson County Rural Electric Cooperative Corporation, Ky., 438 S.W.2d 788 (decided December 13, 1968).

The judgment is affirmed.

MONTGOMERY, C. J., and EDWARD P. HILL, MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.