Eleanora COOPER, Individually and as Administratrix of the Estate of Millard H. Cooper, Deceased, Appellant,

v.

ARGONAUT INSURANCE COMPANIES, Appellee.

Nos. 2527, 2473.

Supreme Court of Alaska.

Nov. 8, 1976.

Bernard P. Kelly and Michelle V. Minor, Anchorage, for appellant.

Phillip J. Eide, Anchorage, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

ERWIN, Justice.

In this case the court has been asked to reconsider the position we adopted by a 2–2 vote in *Stafford v. Westchester Fire Ins. Co. of New York.* [1] In *Stafford* the prevailing opinion held that there could be no reduction from the amount of compensation reimbursed to the employer or its compensation carrier for a pro rata share of attorney's fees incurred by the injured workman in recovering from a third-party tort-feasor.[2] A majority of the court now holds that such a pro rata reduction is proper.

On January 22, 1971, Millard H. Cooper was fatally injured during the course of his employment with J. M. Covington Corporation, appellee's insured. As required by appellee's contract of insurance with Cooper's employer and pursuant to the Alaska Workmen's Compensation Act,[3] appellee Argonaut Insurance paid workmen's compensation benefits to appellant Eleanora Cooper.

In 1971 appellant filed suit in United States District Court against Collier Carbon and Chemical Corporation and others

1. 526 P.2d 37 (Alaska 1974).

2. *Id.* at 40–41.

3. AS 23.30.005, *et seq.*

for damages resulting from Millard Cooper's injuries and death. This suit was settled on April 1, 1974.

On May 16, 1974, appellee Argonaut Insurance filed this action pursuant to AS 23.30.015(g) [4] to recover amounts paid in benefits to appellant.

In appellant's answer, filed November 7, 1974, appellant denied that appellee was entitled to full reimbursement of all benefits paid by appellee to her. Appellant asserted that she was entitled to withhold an amount equal to Argonaut's pro rata share of the attorney's fees expended by her in litigation of her claim against the third-party tort-feasors. She asserted that Argonaut's pro rata share was $7,400, plus interest from April 1, 1974. Funds in that amount were placed in escrow until resolution of this appeal. The parties agreed that the prevailing party would receive the funds in escrow plus attorney's fees to be awarded by the trial court in its discretion.

Believing the opinion of this court in *Stafford* to be controlling, the trial court granted Argonaut's motion for summary judgment. The court ordered disbursal of the $7,400 to Argonaut and awarded $1,150 in attorney's fees to Argonaut pursuant to Civil Rule 82. This appeal followed.

Alaska Statutes section 23.30.015(g) provides that the employee shall promptly pay to the employer out of the third-party recovery all amounts paid out by the employer or the compensation carrier, "insofar as the recovery is sufficient after deducting all litigation costs and expenses." [5] The section may be construed in two ways. It could be construed to require a deduction from the amount reimbursed to the employer for the litigation expenses attributable to his share of the recovery, or it could be construed to require deduction of all litigation expenses from the total recovery, with the remainder applied first toward reimbursement to the employer of all amounts expended by him. While grammatically the disputed phrase lends itself more to the second construction, for the reasons set forth below, we feel that the first alternative more accurately conforms to the legislative intent.

The construction we have adopted makes our interpretation of subsection (g) harmonious with provisions of the Act which permit such a deduction by the employer when he brings suit. [6] It also gives meaning to the Legislature's addition of a new subsection (g) [7] when it enacted legislation otherwise intended to bring the Alaska act

---

4. AS 23.30.015(g) provides in part:
   If the employee or his representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under (e)(1)(A), (B), and (C) of this section, insofar as the recovery is sufficient after deducting all litigation costs and expenses. . . .

5. See n. 4, *supra*.

6. *See* AS 23.30.015(e).

7. In 1965, House Bill 176 was submitted to the Alaska Legislature by Acting Governor Hugh J. Wade. The bill's purpose was to bring the Alaska Workmen's Compensation Act into line with the federal Longshoremen's and Harbor Workers' Compensation Act. In his letter accompanying the bill, Acting Governor Wade stated:
   Pursuant to State law and the Uniform Rules of the Legislature, I am submitting a bill to repeal and reenact AS 23.30.015.

This proposed legislation brings the Alaska Workmen's Compensation Act up to date with parallel Federal law, 33 U.S.C.A. 933, the Harborworkers' and Longshoremen's Compensation Act [sic]. (1965 Journal of Alaska House of Rep., supp. 13 at 242–1)

However, a committee substitute bill introduced by the House Judiciary Committee was enacted by the legislature in lieu of House Bill 176. This substitute bill contained an entirely new section g—now AS 23.30.015(g) —which was not in the federal act:
   If the employee or his representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under (e)(1)(A), (B), and (C) of this section, insofar as the recovery is sufficient after deducting all litigation costs and expenses. . . . (1965 SLA, ch. 73 at 45)

in substantial conformity with the Longshoremen's and Harborworkers' Compensation Act. The federal act has been construed as not requiring the proration of attorney's fees.[8] By not following the federal act provisions for third-party actions, the Alaska Legislature indicated an intent that a different, more just rule apply.

Further, we do not think that the Legislature intended the employer's compensation carrier to secure a windfall profit at the employee's expense. Compensation premiums are based on actuarial estimates of the number of accidents of each type in a given industry. They are not usually computed with any possible recovery from third-party sources in mind because the mathematical probability of such a recovery is difficult to determine.[9] Even when third party recoveries are included in compensation premium calculations, the amount of estimated recovery must, of necessity, be conservative. Thus, when the carrier recovers from a third-party tort-feasor as a result of the employee's suit, the recovery is an unexpected return because the premium paid by the employer is normally based on a projected injury loss without regard to possible third-party claims.

If an employer or compensation carrier is not required to pay its pro rata share to recover this unanticipated return, the entire burden of the litigation would be borne by the employee. The carrier would take the benefit of both the employer's premium and the employee's litigation effort. This would result in the carrier's unjust enrichment.[10] In order to insure that the employer's compensation carrier is not unjustly enriched at the expense of the employee, we read AS 23.30.015(g) to require the proration between the carrier and the employee of litigation costs and attorney's fees incurred by the employee in recovering from a third-party tort-feasor.[11] The proration must be according to the ratio of

8. *Davis v. United States Lines Co.*, 253 F.2d 262 (3rd Cir. 1958).

9. See Comment, Insurance: Defeat of Subrogation Rights, 56 Minn.L.Rev. 274, 278 (1971) ; Comment, Insurer's Right of Subrogation Against Insured Who Has Recovered a General Verdict, 42 Col.L.Rev. 1368, 1371 n. 12 (1942) :
   > While subrogation returns may enter indirectly into the computation of premium rates, they constitute a relatively inconsequential factor. Investigation reveals that subrogation is not specifically included by name as one of the very many items which go into premium computations. Some companies include subrogation returns in a residual salvage account which is one of the less important sources of the company's income. Morever [sic], since subrogation returns are subject to the fluctuating attitudes of the courts they are peculiarly unadaptable bases of actuarial prediction. (Citations omitted)

10. *Transport Indemnity Co. v. Garcia*, 552 P.2d 473, 476 (N.M.App.1976) ; *Security Ins. Co. v. Norris*, 439 S.W.2d 68, 70 (Ky. 1969) ; *Charles Seligman Distrib. Co. v. Brown*, 360 S.W.2d 509, 510–511 (Ky.1962). *See also Metz v. Fireman's Fund Ins. Co.*, 15 Md.App. 179, 289 A.2d 830 (1972) ; *Banoski v. Motor Crane Service, Inc.*, 35 Mich. App. 487, 192 N.W.2d 555 (1971) ; *Caruso v. Jackson Transp. Corp.*, 15 A.D.2d 59, 222 N.Y.S.2d 298 (1961). Compare the analogous situation of recovery by an insured where there is a subrogated interest. *United Services Auto. Ass'n v. Hills*, 172 Neb. 128, 109 N.W.2d 174, 177–178 (1961) ; Anno. 2 A.L.R. 3d 1441, 1443 (1965) :
   > In the cases which hold that the subrogated property insurer is obligated to pay a fee to the insured's attorney, who recovered damages from a third party, the courts generally rely on general equitable principles, and, in some cases, point out that the insurer did not participate in the action against the third party.

11. Recently the California Supreme Court recognized the proration of attorney's fees principle that we announce herein. That court's decision was based on the notion that where one expends attorney's fees in winning a suit which creates a fund from which others derive benefit, one may require the passive beneficiaries to bear a fair share of the costs. *Quinn v. State*, 15 Cal.3d 162, 124 Cal.Rptr. 1, 4–5, 539 P.2d 761, 764–65 (1975). Similarly, a commentator in the field has expressed the view that the denial of attorney's fees to a prevailing litigant is "a partial denial of justice." Dawson, Lawyers and Involuntary Clients: Attorney Fees from Funds, 87 Harvard L.Rev. 1597 (1974). *See also Transport Indemnity Co. v. Garcia*, 552 P.2d 473 (N.M.App.1976) ; *Security Ins. Co. v. Norris*, 439 S.W.2d 68 (Ky.1969) ; *Stacy v. Noble*, 361 S.W.2d 285 (Ky.1962).

the total compensation payments to the total recovery.[12]

The decision of the trial court is reversed, and the case is remanded to the superior court with directions to order disbursal of the funds in escrow and to award attorney's fees according to the terms of the stipulation and consistent with this opinion.

RABINOWITZ, J., dissents.

RABINOWITZ, Justice (dissenting).

I dissent for the reasons stated in my opinion in *Stafford v. Weschester Fire Ins. Co. of N. Y., Inc.,* 526 P.2d 37 (Alaska 1974). Resort to judicial metamorphosis cannot change the unambiguous text of AS 23.30.015(g). Whether or not proration is a more equitable solution to the problem at hand is a question which is committed to legislative branch of Alaska's tripartite form of government.

12. Nothing said herein is intended to imply that a sharing of legal costs is required when the employer or compensation carrier seeks recovery against the third-party tort-feasor.