**Duncan STONE, Appellant,**

v.

**FLUID AIR COMPONENTS OF ALASKA and Liberty Northwest, Appellees.**

**No. S-8472.**

Supreme Court of Alaska.

Nov. 12, 1999.

---

Steven D. Smith, Law Offices of Steven D. Smith, P.C., Anchorage, for Appellant.

Donna M. Meyers, Clay A. Young, Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., Anchorage, for Appellees.

Randall J. Weddle, James E. Hutchins, Holmes, Weddle & Barcott, Anchorage, for Amicus Curiae Alaska National Insurance Company.

Before MATTHEWS, Chief Justice, FABE, BRYNER, and CARPENETI, Justices.

1. The total judgment was $750,000, of which $150,000 was apportioned to Stone's wife and daughter.

2. The $74,408 in past benefits paid by the employer was 12.4% of Stone's gross recovery of $600,000. Stone's attorney's fees and costs were $221,907; 12.4% of this is $27,516. This, when

## OPINION

MATTHEWS, Chief Justice.

### I. INTRODUCTION

This workers' compensation case presents the question of whether an employer's pro rata share of attorney's fees and costs due on a recovery from a third party under Alaska Statute 23.30.015(g) should be based on the amount of the compensation benefits already paid, or on such benefits plus those that would have been paid in the future if there had been no recovery from a third party.

### II. FACTS AND PROCEEDINGS

Duncan Stone was injured at work. He received workers' compensation payments from Fluid Air Components, his employer, through Liberty Northwest, the employer's insurance carrier, (collectively, "the employer") in the amount of approximately $74,408. He subsequently recovered a $600,000 judgment in a suit against a third-party tortfeasor.[1] The employer filed a petition for reimbursement of the payments already made to Stone. Stone filed an answer to the petition, contending that he owed the employer no money, as the amount of its right to reimbursement was exceeded by the employer's prorated share of the attorney's fees and costs based on the total of past and future benefits. The employer conceded that its reimbursement should be reduced by a prorated share of fees and costs, but contended that the apportionment should be based on past compensation payments alone.[2] The Workers' Compensation Board, citing *Cooper v. Argonaut Ins. Co.*,[3] held that "the proration of attorney fees [should be] calculated on the employer's total potential liability," rather than past benefits actually paid. The Board retained jurisdiction to determine the appropriate amount of future liability.

deducted from $74,408, results in an amount of $46,892. The employer claims reimbursement for this amount and the parties agree that this amount is correct if the employer's future liability is not included in the pro rata calculations.

3. 556 P.2d 525 (Alaska 1976).

In a later hearing, the Board determined, based on the testimony of Stone, his doctor, and an economist, that Stone's injury was permanent and would require lifelong medical treatment costing an estimated $158,371 when reduced to present value. This sum represented the employer's "future compensation liability, for the purpose of prorating litigation costs and expenses." As attorney's fees and costs apportionable to the past and future liability exceeded the employer's request for reimbursement,[4] Stone owed nothing. In addition, Stone was awarded attorney's fees for defending the employer's reimbursement petition.

The employer appealed to the superior court. After briefing and argument, the court reversed the Board, holding that pro rata fees can only be based on past benefits paid rather than past benefits and future liability. The court therefore ordered reimbursement to the employer of $46,892. The court further ordered that the attorney's fees paid by the employer for services before the Board be repaid.

## III. STANDARD OF REVIEW

The central issue in this case, whether the employer's pro rata share of attorney's fees and costs should be based on total potential compensation liability, is a question of statutory interpretation that does not involve the Workers' Compensation Board's special expertise. We apply our independent judgment to such questions.[5] As to the Board's factual findings concerning the amount of the employer's total potential compensation liability, this court will "determine whether there is substantial evidence in light of the whole record that a reasonable mind might accept as adequate to support [these findings]."[6]

## IV. DISCUSSION

### A. Is the Employer's Pro Rata Share of Attorney's Fees and Costs in a Third-Party Tort Case Based Solely on Compensation Benefits Paid, or on Total Benefits?

 Employees injured on the job are entitled to benefits from their employers under the Workers' Compensation Act.[7] These benefits are the exclusive remedy that employees have against their employers.[8] But employees may sue third parties who may be legally responsible for on-the-job injuries.[9]

---

4. The past benefits ($74,408) and future liability ($158,371) total $232,779. This sum represents 38.8% of Stone's gross recovery, such that $86,-092.15 is apportionable to the employer.

5. *See Forest v. Safeway Stores, Inc.*, 830 P.2d 778, 780 n. 3 (Alaska 1992) (citing *Kodiak Oilfield Haulers v. Adams*, 777 P.2d 1145, 1148 (Alaska 1989)).

6. *Kodiak Oilfield Haulers v. Adams*, 777 P.2d 1145, 1151 (Alaska 1989) (quoting *Fairbanks North Star Borough v. Rogers & Babler*, 747 P.2d 528, 533 (Alaska 1987)).

7. *See* AS 23.30.005 *et seq.*

8. *See* AS 23.30.055.

9. AS 23.30.015 provides in relevant part:
 (a) If on account of disability or death for which compensation is payable under this chapter the person entitled to the compensation believes that a third person other than the employer or a fellow employee is liable for damages, the person need not elect whether to receive compensation or to recover damages from the third person.
 (b) Acceptance of compensation under an award in a compensation order filed by the board operates as an assignment to the employer of all rights of the person entitled to compensation and the personal representative of a deceased employee to recover damages from the third person unless the person or representative entitled to compensation commences an action against the third person within one year after an award.
 . . . .
 (e) An amount recovered by the employer under an assignment, whether by action or compromise, shall be distributed as follows:
 (1) the employer shall retain an amount equal to
 (A) the expenses incurred by the employer in respect to the action or compromise, including a reasonable attorney fee determined by the board;
 (B) the cost of all benefits actually furnished by the employer under this chapter;
 (C) all amounts paid as compensation and second-injury fund payments;
 (D) the present value of all amounts payable later as compensation (present value to be computed from a schedule prepared by the board), and the present value of the cost of all benefits to be furnished later under AS 23.30.095 (as estimated by the board), the amounts so computed and estimated to be re-

If damages are recovered by an employee in a third-party suit after compensation benefits have been paid by the employer, the employer is entitled to reimbursement from the recovery for the benefits paid, less the employer's prorated share of litigation costs and attorney's fees.

In *Cooper v. Argonaut,* we interpreted AS 23.30.015(g) to require this result.[10] This subsection provides in part:

> If the employee or the employee's representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under (e)(1)(A)-(C) of this section insofar as the recovery is sufficient after deducting all litigation costs and expenses. Any excess recovery by the employee or representative shall be credited against any amount payable by the employer thereafter.

We read the language "after deducting all litigation costs and expenses" to require a pro rata sharing of costs and expenses between employee and employer.[11]

In *Cooper* the question was not presented as to whether the employer's prorated "share of the recovery"[12] against which its fees would be calculated should include future as well as past compensation payments. The accident in *Cooper* was fatal, so there were no future unpaid benefits.[13] But the reasons underlying the *Cooper* holding support the conclusion that the employer's prorated share includes all benefits, both past and future.

The first reason given by the *Cooper* court was that prorating fees and expenses to the employer made subsection (g) of AS 23.30.015 "harmonious with provisions of the Act which permit such a deduction by the employer when he brings suit."[14] Under subsection (e) of AS 23.30.015, an employer who recovers from a third party can deduct reasonable fees, the cost of benefits actually paid, and the present value of benefits "to be furnished later" before remitting any excess to the employee.[15] The reasonableness of the fee depends in part on the "results obtained."[16] As past and future benefits are treated similarly under subsection (e)(1)(B) and (D), the "results obtained" guideline for subsection (e) fees must refer to total benefits rather than just to past compensation. Construing pro rata fees under subsection (g) to also refer to future benefits thus makes it harmonious with subsection (e).

An additional reason relied on by the *Cooper* court was the prevention of unjust enrichment: "If an employer or compensation carrier is not required to pay its pro rata share to recover this unanticipated return, the entire burden of the litigation would be borne by the employee. The carrier would take the benefit of both the employer's premium and the employee's litigation effort."[17] Unjust enrichment occurs whether the benefits have already been paid or would have

---

tained by the employer as a trust fund to pay compensation and the cost of benefits as they become due and to pay any finally remaining excess sum to the person entitled to compensation or to the representative; and

(2) the employer shall pay any excess to the person entitled to compensation or to the representative of that person.

. . . .

(g) If the employee or the employee's representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under (e)(1)(A)-(C) of this section insofar as the recovery is sufficient after deducting all litigation costs and expenses. Any excess recovery by the employee or representative shall be credited against any amount payable by the employer thereafter. If the employer is allocated a percentage of fault under AS 09.17.080, the

amount due the employer under this subsection shall be reduced by an amount equal to the employer's equitable share of damages assessed under AS 09.17.080(c).

10. 556 P.2d 525, 526 (Alaska 1976).

11. *Id.*

12. *Id.*

13. *Id.* at 525.

14. *Id.* at 526.

15. AS 23.30.015(e)(1)(A), (B) and (D).

16. Alaska R. Prof. Conduct 1.5(a)(4).

17. *Cooper,* 556 P.2d at 527.

been paid in the future.[18] The unjust enrichment rationale of *Cooper* therefore also applies to future benefits.

Finally, among the other jurisdictions that prorate fees between employees and employers in third-party tort recoveries, the vast majority hold that the employer's pro rata share is calculated on the total benefits to the employer.[19] Most courts in these jurisdictions have concluded that since the employer's right of reimbursement extends to future liability, the employer's equitable share of the fees and costs involved in the employee's third-party recovery should likewise be calculated on the employer's total potential liability.[20]

The employer argues that Alaska's statutory scheme, in contrast to the majority of jurisdictions, does not include the right to future reimbursement on the part of the employer. However, AS 23.30.015(g) includes future benefits in the employer's right to reimbursement in the form of a credit. It provides that the employee's recovery "shall be credited against any amount payable by the employer thereafter." In other words, if the employee recovers an amount in excess of the compensation paid, the employee can keep it, *subject to* the employer's credit for future benefits that would otherwise be paid. It is as if the employer were to pay a doctor's bill and be instantaneously reimbursed for it. If the "excess" is not sufficient to cover future benefits, the employer will again be liable.

The employer also argues that future benefits to the employer should be disregarded because they are too speculative to determine fairly. For example, if the actual costs of medical care do not reach the level predicted by the Board, the employer's share of the attorney's fees might be disproportionately large. But under AS 23.30.015(e)(1)(D) the Board has the authority to determine the present value of future benefits in the context of an employer's claim against a third party. If the Board's decision is supported by evidence that a reasonable person would accept, this court will not disturb it.[21] Moreover, the problem of computing future benefits is not conceptually different from computing future damages in tort cases.[22] That most jurisdictions require the determination of future benefits in cases like the present one indicates that the uncertainties inherent in the process are acceptable.[23]

Thus, based on the rationale of *Cooper*, and because the law of most other states is in accord, we conclude that the employer's pro rata share of fees and costs should be based on both past and future benefits to the employer. In this case the employee seeks only an offset against the employer's reimbursement request. The offset remedy readily fits the language of AS 23.30.015(g) which speaks of "deducting" litigation costs before reimbursing the employer. Although the unjust enrichment rationale of *Cooper* might support an affirmative recovery from the employer, and some case law in other jurisdictions supports an affirmative recovery,[24] we need not decide in this case whether such an affirmative recovery is permissible since one is not requested.

**18.** *See* Restatement of Restitution § 1 cmt. (b) (1986) (stating that a person confers a "benefit" on another "not only when he adds to the property of another, but also where he saves the other from expense or loss."); *see also Willingham v. Kral Music, Inc.,* 505 A.2d 34, 36 (Del.Super.1985) (holding that "benefit" in workers' compensation case includes the vested right to future compensation from the employer's insurer should the third-party payments fail).

**19.** The Minnesota Supreme Court has observed that "[t]o hold otherwise would encourage claimants to delay settlements until virtually all workers' compensation benefits had been paid." *Cronen v. Wegdahl Coop. Elevator Ass'n,* 278 N.W.2d 102, 105 (Minn.1979).

**20.** 6 Arthur Larson and Lex K. Larson, *Larson's Workers' Compensation Law* § 74.32(a)(4) (1998), at 14:578–79 and cases cited therein.

**21.** *See Safeway, Inc. v. Mackey,* 965 P.2d 22, 27 (Alaska 1998).

**22.** *See, e.g., Power Constructors, Inc. v. Taylor & Hintze,* 960 P.2d 20, 43 (Alaska 1998).

**23.** *Larson's, supra* n. 19, at 14:578–79.

**24.** *See, e.g., Teller v. Major Sales, Inc.,* 64 N.J. 143, 313 A.2d 205, 207 (1974).

### B. Did the Evidence Support the Workers' Compensation Board's Findings on the Amount of Future Compensation Liability?

■ The employer contests the Board's determination of the amount of future medical expenses. The employer argues that the future benefits were not properly reduced to present value because Stone's expert witness first calculated future medical and associated transportation expenses by assuming that they would be affected by inflation before using the interest rate described in the Board's regulations. Regulation 8 AAC 45.162 defines the interest rate to be used "[i]n computing the present value of all future compensation and benefits under AS 23.30.015(e)" as "two percent less than that set in AS 45.45.010," or eight and a half percent. Stone's expert, Gallela, used this interest rate, but only after calculating future costs by taking into account projected inflation. We find no error in this methodology.

In *Wainwright v. Wainwright* we observed that a party should not be "denied … the benefit of inflation's impact" on future earnings "while saddling her with the detriment of inflation's effect on the discount rate." [25] Similarly, AS 09.17.040(b)(2)—applicable to common law tort claims—recognizes that "future anticipated inflation" should be taken into account before applying a market discount rate. Gallela's method did no more than recognize the point made by these authorities: since the discount rate is affected by anticipated future inflation, future inflation also must be considered when calculating future expenses.[26]

### V. CONCLUSION

For the reasons discussed above, we REVERSE the superior court's decision and direct reinstatement of the decision of the Workers' Compensation Board, including the Board's award of attorney's fees.

■

---

**25.** 888 P.2d 762, 766 (Alaska 1995).

**26.** The employer also argues that the evidence presented as to the amount of Stone's future medical expenses was insufficient. Its argument in this regard is unpersuasive. The Board's findings were clearly supported by the evidence, indeed by uncontradicted evidence.