*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| NIXOLA JEAN DOAN, Personal Representative of the Estate of Tristana Doan, | ) ) ) |
| | ) |
| Appellant and Cross-Appellee, | ) ) ) ) |
| v. | ) |
| | ) |
| BANNER HEALTH, d/b/a FAIRBANKS MEMORIAL HOSPITAL; NORTHERN HOSPITAL ASSOCIATES, LLC; JAMES W. CAGLE, D.O.; GOLDEN HEART EMERGENCY PHYSICIANS; and FAYE LEE, M.D., | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Appellees and Cross-Appellants. | ) ) ) |
| | ) |

Supreme Court Nos. S-17502/17521

Superior Court Nos. 4FA-18-00404 PR and 4FA-13-01538 CI (Consolidated)

O P I N I O N

No. 7520 – April 23, 2021

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Douglas Blankenship, Judge.

Appearances: Galen G. Cook, Mike A. Stepovich, and Sandra Kay Rolfe, Stepovich Law Office, Fairbanks, for Appellant and Cross-Appellee. Howard A. Lazar and Whitney L. Wilkson, Delaney Wiles, Inc., Anchorage, for Appellee and Cross-Appellant Banner Health d/b/a Fairbanks Memorial Hospital. John J. Tiemessen, Clapp, Peterson, Tiemessen & Thorsness, LLC, Fairbanks, for Appellees and

Cross-Appellants Northern Hospital Associates, LLC; James W. Cagle, D.O.; Golden Heart Emergency Physicians; and Faye Lee, M.D.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

BOLGER, Chief Justice.

## I.    INTRODUCTION

Two defendants in a wrongful death suit settled with the decedent's estate, resulting in a recovery for her minor child's benefit. The estate's attorney received payment from the settlement, but the remaining funds were reserved against potential fee awards to the remaining defendants should they prevail in the ongoing litigation. The estate appeals, arguing that the remainder of the funds should have been immediately disbursed for the child's benefit. The non-settling defendants cross-appeal, asserting that the entire settlement fund should have been reserved for their recoverable costs and fees.

Because the prevailing defendants would have no other source from which to recover expenses, we affirm the superior court's reservation of settlement funds. But because we construe the common fund doctrine to apply, we also affirm the court's distribution of the estate's attorney's fees and costs.

## II.    FACTS AND PROCEDURAL HISTORY

In 2011, following medical treatment at Interior Aids Association, Tristana Doan died at Fairbanks Memorial Hospital. Tristana's mother, Nixola Doan, was named personal representative of her estate and guardian of her minor child R.D. In 2013 Doan, as personal representative of Tristana's estate, (the estate) brought a medical malpractice

and wrongful death suit on behalf of R.D., the statutory beneficiary.[1] The complaint named seven defendants: Interior Aids Association and Dr. Nicole Fliss; Golden Heart Emergency Physicians and Dr. Faye Lee; Northern Hospital Associates, LLC and Dr. James Cagle; and Banner Health, d/b/a Fairbanks Memorial Hospital.

In January 2018 the estate reached a settlement with Interior Aids Association and Dr. Fliss (the settling defendants). The proceeds totaled $177,000; attorney's fees of $70,800 and costs of $29,200 were to be paid to the estate's counsel. The remaining $77,000 would not pass through the estate, which would hold the funds in trust for R.D.'s benefit. The estate asked that the court "approv[e] the immediate distribution of the settlement to pay costs, attorney['s] fees and for the establishment of a trust on behalf of the minor child."[2] This proposed distribution was contested by the remaining defendants (the non-settling defendants) and is the subject of this appeal.

The non-settling defendants contended that the superior court "should deny any distribution of the settlement proceeds until the entire wrongful death case . . . has been finally resolved with respect to all parties." They argued that this was consistent with Alaska's wrongful death statute, under which "[t]he amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration."[3] Counsel for Banner Health asserted that the non-settling defendants

---

[1]   When a decedent is survived by a statutory beneficiary (such as a minor child) the personal representative may maintain an action solely on behalf of the statutory beneficiary, who receives any award recovered.  AS 09.55.580(a).

[2]   Settlements on behalf of minors must be approved by the court before taking effect; prior to disbursing proceeds to the minor, "[t]he court shall order that reasonable expenses . . . , costs and attorney's fees be paid from the settlement."  Alaska R. Civ. P. 90.2.

[3]   AS 09.55.580(a).

had collectively accrued $1,214,755 in fees and costs and expected to accrue at least $330,000 more at trial. Should they ultimately prevail, the non-settling defendants would be entitled to recover a portion of their fees which would substantially exceed the settlement amount;[4] they therefore sought to have the entire fund reserved until the case was fully resolved.

All parties participated in a November 2018 minor settlement hearing before a probate master. After discussing the terms with the settling parties, the master heard arguments about possible disbursement of the settlement proceeds. The master's written findings noted that the estate had not adequately explained the distribution of litigation costs; the estate supplemented its petition, describing the claimed litigation costs, its attorney's employment contract and time records, and the nexus between these costs and the claims against the settling defendants. The estate explained that, for the purposes of settlement, the settling defendants were one entity; because there were functionally four entities, the settlement represented one quarter of its attorney's work to date and thus one quarter of the attorney's costs should be paid from the proceeds.

The superior court "approved the $177,000 settlement, the attorney['s] fee amount of $70,800, and costs of $29,00[0]" at a hearing in May 2019, but treated "distribution of the settlement proceeds" as "a separate question." The non-settling defendants requested that it reserve the proceeds "until [the court could] determine the full extent of 'costs and expenses of suit,' under AS 09.55.580." Citing *In re Soldotna Air Crash Litigation*, they asserted that if not all defendants in a wrongful death case were party to a settlement, part or all of its proceeds should be retained in a fund to pay

---

[4] As prevailing parties the non-settling defendants would be entitled under Alaska R. Civ. P. 82(b)(2) to at least 30% of their reasonable actual attorney's fees.

any costs and fees awarded to prevailing defendants.[5] They contended that because the entire settlement might be required to pay attorney's fees the entire settlement should be reserved.

The estate responded that *Soldotna Air* did not authorize the creation of such a fund prior to the conclusion of litigation and that retaining the settlement proceeds would be an impermissible prejudgment attachment. It further argued that the settlement monies were for R.D. and that our holding in *Zaverl v. Hanley* shields non-party statutory beneficiaries from liability for litigation costs.[6] Therefore, the estate asserted that the court should immediately disburse the entire $177,000 to its counsel and R.D.

The superior court ordered the settlement funds be partially disbursed, explaining that in a wrongful death suit "[t]he amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration."[7] Because the estate's attorney's efforts had obtained the settlement, the superior court ordered that their costs of $29,000 and fees of $70,800 be distributed to compensate for that effort. But because neither the estate nor R.D. could be held personally liable for costs and fees if the non-settling defendants prevailed,[8] the court concluded *Soldotna Air* controlled, requiring a reservation of settlement proceeds to pay the non-settling defendants' costs and fees in case they prevailed. The court ordered that the remaining $77,200 in settlement funds be held "until the remaining litigation is complete and prevailing party status is determined in the wrongful death suit."

---

[5]     835 P.2d 1215, 1220 (Alaska 1992).

[6]     64 P.3d 809, 821-22 (Alaska 2003).

[7]     AS 09.55.580(a).

[8]     *See* AS 09.60.040 (costs not chargeable against personal representative); *Zaverl*, 64 P.3d at 821-22 (costs not recoverable from non-party statutory beneficiaries).

The estate now appeals, arguing that the court should have disbursed the entire settlement. The non-settling defendants cross-appeal, arguing that the court should have reserved the entire settlement.

## III.  DISCUSSION

The estate argues that the superior court erred by applying *Soldotna Air* to this case and reserving a portion of the settlement for potential prevailing defendants' attorney's fees. It alternatively argues that if *Soldotna Air* compels that result, its application here violates due process and is contrary to public policy. The non-settling defendants respond that the court was right to apply *Soldotna Air* to create a fund but wrong to first utilize some of the settlement to pay the estate's settlement-related attorney's fees. These are questions of law to which we apply our independent judgment.[9]

### A.  The Reservation Of Settlement Funds For Non-Settling Defendants' Potential Fees Was Proper.

#### 1.  The superior court correctly applied *Soldotna Air.*

We agree with the superior court that *Soldotna Air* controls here: the statutes and civil rules governing wrongful death suits and fee awards can be effectuated only through the creation of a reserved fund. We therefore affirm the superior court's decision to reserve the settlement and prohibit disbursement to R.D. until prevailing party status was established with regard to the other defendants.

---

[9]     *ConocoPhillips Alaska, Inc. v. Williams Alaska Petroleum, Inc.*, 322 P.3d 114, 122 (Alaska 2014) ("Determinations of which legal authorities apply in a case and interpretations of what those legal authorities mean are questions of law subject to de novo review." (footnotes omitted)); *Alyssa B. v. State, Dep't of Health & Soc. Servs.*, 123 P.3d 646, 648 (Alaska 2005) (applying de novo review to interpretation of state procedural rules).

Wrongful death actions may be brought by the decedent's personal representative, but "[t]he amount recovered, if any, shall be exclusively for the benefit of the decedent's" statutory beneficiaries.[10] The proceeds "shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration."[11] Costs may be allowed against a personal representative who is party to an action, but they are "chargeable solely upon the estate, fund, or party represented."[12] Alaska Civil Rule 79(a) permits the prevailing party in a civil suit to recover allowable costs "that were necessarily incurred in the action"; Alaska Civil Rule 82 provides for the recovery of attorney's fees.

Alaska Civil Rule 90.2(a) requires court approval of settlements made on behalf of a minor, including those arising from wrongful death actions. "The court shall approve any attorneys' fees and costs that are to be paid from the settlement proceeds when the minor claimant is represented by counsel."[13] "The court shall order that reasonable expenses . . . , costs and attorney's fees be paid from the settlement."[14] And after all litigation expenses are paid, "[t]he court shall order that the remaining balance of the settlement . . . be disposed of in a manner which benefits the best interests of the minor."[15] We have examined the interplay between these laws on several occasions, two of which are particularly instructive here.

---

[10]    AS 09.55.580(a).

[11]    *Id.*

[12]    AS 09.60.040.

[13]    Alaska R. Civ. P. 90.2(a)(3).

[14]    *Id.* § (b)(1).

[15]    *Id.* § (b)(2).

In *Soldotna Air* personal representatives brought wrongful death actions against multiple defendants on behalf of statutory beneficiaries.[16] Two defendants settled before trial for more than six million dollars.[17] The remaining defendant, SouthCentral Airlines, did not settle; it afterwards prevailed at trial and was awarded attorney's fees and costs.[18] But the superior court declined to block disbursement of the settlement funds or allow SouthCentral to recover from the decedents' personal representatives or statutory beneficiaries.[19] On appeal we concluded that although SouthCentral could not recover from the representatives in their personal capacities, it could recover settlement funds already distributed to statutory beneficiaries.[20] We also determined that the superior court had erred in allowing distribution of the settlement, at least some of which should have been reserved to pay costs and fees to SouthCentral if it prevailed at trial.[21]

We later clarified the available sources for recovering such costs and fees in *Zaverl v. Hanley*.[22] We explained that the prevailing defendant could not collect attorney's fees from non-party statutory beneficiaries in a wrongful death action "because they did not appear and did not make claims in their personal capacities."[23] We distinguished *Soldotna Air* on the grounds that the prevailing defendant in that case had

---

[16]     835 P.2d 1215, 1217 (Alaska 1992).

[17]     *Id.*

[18]     *Id.* at 1217-18.

[19]     *Id.* at 1218-19.

[20]     *Id.* at 1222-23.

[21]     *Id.* at 1221-22.

[22]     64 P.3d 809, 822 (Alaska 2003).

[23]     *Id.*

sought recovery from a fund created by the other parties' settlement, concluding the "prevailing defendant could [not] recover such an award from the statutory beneficiaries in the absence of such a fund."[24]

If in a wrongful death suit the only party plaintiff is the personal representative in a representative capacity, a prevailing defendant may seek fees and costs only from a reserved settlement fund. To effectuate our rules governing litigation expenses, a fund must be reserved for potential attorney's fee awards. The superior court correctly applied these rules here.

The estate attempts to distinguish *Soldotna Air* based on differences in the procedural history and timeline. It argues SouthCentral was already a prevailing party when it attempted to collect fees and costs, whereas the non-settling defendants here were not prevailing parties or judgment creditors. Therefore, the estate argues, *Soldotna Air* does not control: "The decision in *Soldotna Air* is clearly distinguishable and applies only where there is a prevailing party determination."

We disagree, and conclude that *Soldotna Air* controls the outcome. Prevailing defendants are entitled to recover fees and costs, and plaintiffs in wrongful death suits may collect proceeds only after all debts and litigation expenses are paid. The non-settling defendants may not recover fees from Doan, as she appears only in her representative capacity. Nor may they seek fees from R.D., as R.D. was never a party to the suit. Their only option for fee recovery is from a reserved fund such as the superior court created.

Our analysis does not change based on the relative size of the parties' awards. In *Soldotna Air* only part of the settlement was needed to cover the prevailing

---

[24]     *Id.*

defendant's fees, leaving the bulk of the proceeds for the statutory beneficiaries.[25] But we clearly contemplated a situation in which the beneficiaries might receive no settlement proceeds when we advised that "[t]he trial court here should have reserved distribution of *some or all* of the settlement monies until it could determine the full extent of 'costs and expenses of suit.' "[26] Even though costs and fees had already exceeded the settlement amount, the superior court did not err by reserving the funds.

The estate additionally argues that *Soldotna Air* should not be applied in a minor settlement proceeding under Rule 90.2. It argues that the superior court should have considered the child's best interests before that of the non-settling defendants. But *Soldotna Air* also concerned the settlement of claims on behalf of a minor beneficiary of one of the decedents.[27] We nonetheless concluded in that case that prevailing defendants' attorney's fees were "chargeable" against the settlement fund.[28] The same result must apply here.

### 2. *Soldotna Air*'s application here does not violate due process or public policy.

The estate argues in the alternative that *Soldotna Air* as applied here results in an unconstitutional prejudgment attachment to the settlement and should therefore be overturned. We disagree. Under the wrongful death statute and Rule 90.2, R.D. had no property interest in the settlement until it was approved by the court and the litigation

---

[25] 835 P.2d at 1217, 1219.

[26] *Id.* at 1221 (emphasis added) (quoting AS 09.55.580(a)).

[27] *Id*. at 1218.

[28] *Id.* at 1222 (quoting AS 09.60.040).

entirely concluded.[29]  Neither Doan nor R.D. suffered any constitutional violation through the application of *Soldotna Air*.

The estate finally argues that the application of our holding in *Soldotna Air* is contrary to public policy, alleging that it discourages parties from settling pre-trial and urging us to overrule or narrow it.  But we "will overrule a prior decision only when clearly convinced that the rule was originally erroneous or is no longer sound because of changed conditions, and that more good than harm would result from a departure from precedent."[30]  We decline to do so here.

Our holdings in *Soldotna Air* and *Zaverl* protect personal representatives and non-party beneficiaries from personal liability for attorney's fees.  Alaska law allows prevailing parties to recoup part of the costs of defending their rights in court, but we have determined that they may not fairly do so from non-parties.  It is consistent with public policy to reserve settlement funds until all parties' rights and obligations are determined — otherwise our protective stance toward wrongful death plaintiffs would prevent prevailing defendants from vindicating their legal rights.  Given these considerations, we are not "clearly convinced" that departing from our precedent in *Soldotna Air* and *Zaverl* would result in "more good than harm."

---

[29]    *See* AS 09.55.580(a) ("The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration."); Alaska R. Civ. P. 90.2(a)(1) & (b)(1) (providing that before settlement on behalf of a minor "is effective, it must be approved by the court" and that the court must order reasonable "costs and attorney's fees be paid from the settlement" before disbursing the remainder of the funds in the interest of the minor).

[30]    *Harrold-Jones v. Drury*, 422 P.3d 568, 576-77 (Alaska 2018) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 102 P.3d 937, 943 (Alaska 2004)).

**B.** **The Superior Court Did Not Err In Distributing Funds For Plaintiff's Attorney's Fees Under The Common Fund Doctrine.**

The non-settling defendants cross-appeal, arguing that the superior court erred by allowing payment of the estate's attorney's fees and costs from the settlement fund. They assert that all settlement proceeds should have been reserved to pay the eventual prevailing party. But it is only through the efforts of the estate and its attorney, by pursuing the claim against the settling defendants, that a fund for the defendants' recovery exists at all. We therefore construe the wrongful death statute to incorporate the common fund doctrine, and we affirm the superior court's decision to allow payment of costs and attorney's fees incurred in obtaining the settlement.

Under the common fund doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."[31] This prevents a third party from "securing a windfall" at another's expense, keeps "the entire burden of the litigation from being borne by the injured plaintiff, prevent[s] unjust enrichment, and requir[es] passive beneficiaries to share in the costs of recovery."[32]

We explained the doctrine in *Alaska Native Tribal Health Consortium*, holding that a health care consortium could enforce a lien on settlement proceeds received by patients from third-party tortfeasors but that the consortium's liens must be reduced by a pro rata share of the patients' attorneys' fees.[33] Otherwise, the consortium would be unjustly enriched by litigation efforts for which it bore no expense. It was able

---

[31] *Alaska Native Tribal Health Consortium v. Settlement Funds Held for or to Be Paid on Behalf of E.R. ex rel. Ridley*, 84 P.3d 418, 433 (Alaska 2004) (quoting *Edwards v. Alaska Pulp Corp.*, 920 P.2d 751, 754 (Alaska 1996)).

[32] *Id*.

[33] *Id.* at 421.

to collect on its liens only because "the plaintiffs' lawyers created a fund that would not otherwise exist."[34]

Under Alaska law, the four elements of a common fund recovery are met when: "(1) [T]he efforts of one party (2) result in the creation of a fund benefit[t]ing a third party (3) who is benefitted in a clear and well-defined manner, and (4) the third party is ready and willing to accept the benefits so obtained."[35] We have applied this doctrine in workers' compensation cases,[36] class action suits,[37] and insurance settlements.[38] We now hold that the wrongful death statute should be construed to incorporate the common fund doctrine if these four necessary elements are present.

The efforts of the estate and its attorney "created a fund that would not otherwise exist."[39] The estate's settlement with the settling defendants occurred over five

---

[34]     *Id.* at 434 (quoting *Edwards*, 920 P.2d at 756).

[35]     *O'Donnell v. Johnson*, 209 P.3d 128, 134 (Alaska 2009) (discussing doctrine in context of insurer collecting lien from patient's recovery fund).

[36]     *See Cooper v. Argonaut Ins. Cos.*, 556 P.2d 525, 527 (Alaska 1976) (interpreting statute to require reducing amount insurer is reimbursed from a worker's compensation disbursement by proportionate share of attorney's fees).

[37]     *See Edwards*, 920 P.2d at 753 (concluding plaintiffs' attorneys entitled to fees from settlement fund under common fund doctrine).

[38]     *See Sidney v. Allstate Ins. Co.*, 187 P.3d 443, 445, 454-55 (Alaska 2008) (concluding that injured passenger's insurance carrier, which had reduced its payment to her by the amount she had received from a settlement with the driver's insurance carrier, was liable for a pro rata award of attorney's fees). *But cf. O'Donnell*, 209 P.3d at 135 ("[I]f an insurer chooses not to rely on services of plaintiff's counsel and provides notice of this, there is no benefit conferred and no unjust enrichment, and thus common fund rule does not apply.").

[39]     *Alaska Native Tribal Health Consortium*, 84 P.3d at 434 (quoting *Edwards*, (continued...)

years into the litigation, and the estate has explained the "nexus" between its attorney's work and the settlement amount. Without this work, the non-settling defendants would have no source from which to recover any costs or fees. They are third parties benefitting in a clear and well-defined manner from the fund created by the estate's efforts, and this appeal demonstrates that they are "ready and willing" to accept those benefits.[40] We therefore apply the common fund doctrine to avoid unjust enrichment and prevent the injured plaintiff from bearing the litigation costs alone.

The non-settling defendants argue that they are only "indirect beneficiaries" of the estate's efforts to obtain a settlement,[41] more akin to general creditors than insurance providers or holders of a medical lien, and that the common fund doctrine is inapplicable. We disagree.

It is true that the common fund doctrine does not extend to "general obligations that existed before the plaintiff's injury."[42] We declined to apply the doctrine in *Hendricks-Pearce v. State, Department of Corrections* after the State recovered on a medical debt from a prisoner's award in an unrelated suit.[43] The State was only an "indirect beneficiar[y]" of the prisoner's suit because his medical expenses were unrelated to the judgment in his favor, and so we rejected the prisoner's argument that

---

[39] (...continued) 920 P.2d at 756).

[40] *O'Donnell*, 209 P.3d at 134.

[41] *Hendricks-Pearce v. State, Dep't of Corr.*, 323 P.3d 30, 39 (Alaska 2014).

[42] *Id.*

[43] *Id.*

the State should pay part of his attorney's fees.[44] The non-settling defendants claim they are similarly indirect beneficiaries. But this ignores the nature and origin of their claim on the settlement fund.

The interplay of Alaska statutes and rules, as we recognized in *Soldotna Air*, necessitates consideration of a wrongful death action as a whole, even when some parties settle independently.[45] The non-settling defendants only have a claim on the proceeds of the estate's settlement because that settlement arose from the same suit as their litigation expenses. If these were treated as two separate legal actions, the defendants would have no right to collect anything; the award would already have been disbursed to the estate's attorney and R.D., putting it beyond the defendants' reach.[46] It would be inconsistent with our precedent in *Soldotna Air*, the course of this litigation, and the non-settling defendants' own argument to treat their claim as a general obligation, independent of the settlement.

Applying the common fund doctrine, we conclude that the non-settling defendants would be responsible for a pro rata share of the estate's litigation costs in procuring the settlement. Thus, the superior court correctly awarded the estate's attorney the costs and fees for the attorney's work securing the settlement.[47]

---

[44]     *Id.*

[45]     *See In re Soldotna Air Crash Litig.*, 835 P.2d 1215, 1221-22 (Alaska 1992); AS 09.55.580(a), 09.60.040; Alaska R. Civ. P. 82, 90.2.

[46]     *See Zaverl v. Hanley*, 64 P.3d 809, 822 (Alaska 2003); AS 09.60.040.

[47]     After reviewing the terms of the settlement and the estate's agreement with its attorney, the superior court approved both the settlement and the amounts of the attorney's fees and costs. The parties have not disputed this decision or argued that the fees and costs were unreasonable.

## IV. CONCLUSION

We AFFIRM the superior court's judgment.